The motion should be denied, with ten dollars costs.

Motion denied, with ten dollars costs.

---

LEWIS E. MOSHER, Plaintiff, *v.* THE CITY OF ELMIRA, Defendant.

(Supreme Court, Chemung Special Term, December, 1913.)

City of Elmira — charter of — corporation counsel entitled to recover by action compensation agreed to be paid — Laws of 1906, chap. 477.

The charter of the city of Elmira (Laws of 1906, chap. 477) is a public act of which judicial notice will be taken.

Though said charter provides for a corporation counsel, an attorney employed by the mayor under section 31 thereof to

prosecute within the city a violation of the criminal law is entitled to recover by action compensation agreed to be paid, where the common council more than ninety days prior to the commencement of the action rejected plaintiff's claim therefor.

DEMURRER to complaint in an action for compensation claimed to have been earned by plaintiff under a contract for services.

Lewis E. Mosher in person (Charles Marvin and Richard H. Thurston, of counsel), for plaintiff.

Michael Danaher, corporation counsel, for defendant.

KILEY, J. The above action is brought by plaintiff, who is an attorney and counselor-at-law of this court, against the defendant for compensation claimed to have been earned by him under a contract for services made by the mayor of the city of Elmira, the defendant above named.

The complaint alleges the hiring and the services rendered in two causes of action. The services rendered were in prosecuting a case in behalf of the people of the city of Elmira wherein it was charged that the criminal law of the state was violated. The basis for the hiring and the alleged cause of action is claimed to be found in the charter of said defendant, being chapter 477 of the Laws of 1906. The same chapter declares this city charter to be a public act and, therefore, the court may take judicial notice of its provisions. The authority claimed by the plaintiff for such hiring and the compensation therefor is found in section 31 of said chapter. The claim was presented to the common council of the defendant and rejected by said council more than ninety days before the commencement of the action.

The defendant demurs to the complaint upon the ground: "That it appears upon the face of said complaint, that the said complaint does not state facts sufficient to constitute a cause of action."

A demurrer admits all of the material facts alleged in the cause of action to which it is taken. When a complaint contains several causes of action a general demurrer for insufficiency will not lie if any of the causes of action are good. *Wheeler* v. *Connecticut Mut. Life Ins. Co.*, 82 N. Y. 543.

Upon the argument defendant urges that, while the authority mentioned in section 31 is given to the mayor, the provisions of that section must be construed in connection and relation with other provisions of the charter, and points out that the charter provides for a corporation counsel, and defines the powers of the different boards, and that the complaint fails to allege that there are any funds on hand to pay plaintiff's bill, and that no officer has a right to incur by contract any liability in excess of the funds properly applicable to the payment of bills so contracted.

As to the first proposition: Section 31 makes it the duty of the mayor to enforce the laws of the state and its ordinances and by-laws within the limits of said city, and provides further: "The mayor shall have power to employ an attorney to aid him in the discharge of his duties whenever, in his opinion, the interests of the city require it, who shall be paid a reasonable compensation."

Authorities hold that the action was properly brought as to time and form; that the defendant is the proper party if a liability exists. If there is any difficulty with the charter it seems to me that relief must be sought from the legislature, rather than from the courts; if different provisions of the charter do not harmonize that will not prevent the enforcement of the

liability incurred under them, but will be treated as an exception. The failure of funds appropriated will not defeat an action for an otherwise properly incurred liability. *Port Jervis Water Co.* v. *Village of Port Jervis,* 151 N. Y. 111; *North River Elec. L. & P. Co.* v. *City of New York,* 48 App. Div. 14.

Authorization by the common council of an officer's acts is not indispensable to the right to maintain an action. See cases cited above.

Demurrer overruled. The defendant to have twenty days after the service of copy of the order to answer. Taxable costs awarded to the plaintiff.

Demurrer overruled.