(165 App. Div. 103)

WOOD v. VILLAGE OF RICHFIELD SPRINGS.   (No. 141–62.)

(Supreme Court, Appellate Division, Third Department.  July 1, 1914.)

1. EVIDENCE (§ 441*)—PAROL EVIDENCE TO VARY WRITING—MATTERS NOT IN-
    CLUDED IN WRITING.
       Parol proof of an agreement by a village granting to the owners of land
    the right to take water from the village's water pipes for use on such
    land, made contemporaneously with a conveyance by such owners of a
    strip upon which to lay such water pipes, was not incompetent as tend-
    ing to vary the stipulations of the deed, as the execution of the deed was
    but a part performance of the agreement, and oral testimony of the other
    parts of the contract did not contravene the rule against parol evidence
    to contradict or vary a written instrument.
       [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719, 1723–1763,
    1765–1845, 2030–2047; Dec. Dig. § 441.*]

2. FRAUDS, STATUTE OF (§ 137*)—OPERATION AND EFFECT—PART PERFORMANCE.
       Where an agreement by a village granting to landowners the right to
    take water from the village's water pipes for use on their land was part
    of the consideration for the conveyance of a strip upon which to lay such
    pipes, the village could not rely upon the statute of frauds as a defense to
    the enforcement of such agreement, as it could not take advantage of the
    part of the transaction favorable to it, though in writing, and reject the
    part unfavorable because not in writing.
       [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 301–
    326; Dec. Dig. § 137.*]

3. EASEMENTS (§ 1*)—EASEMENTS APPURTENANT TO LAND.
       A right granted by a village to take water from its water pipes for use
    on the grantors' farm in consideration of the conveyance of a strip upon
    which to lay such pipes was not a personal privilege, but so far attached
    to the land as to pass with it in perpetuity, where the right to the use
    of the water upon the farm was a necessary incident to the enjoyment of
    the farm and materially enhanced its value.
       [Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 1, 2, 5–7;
    Dec. Dig. § 1.*]

4. EASEMENTS (§ 40*)—EXTENT OF RIGHT—RIGHT TO TAKE WATER.
       Where the servants of a village, which granted to landowners the right
    to take water from its water pipes in consideration of the conveyance of
    a strip upon which to lay such pipes, made the connection with the pipes
    of the landowners when putting in the waterworks, this was a practical
    construction of the extent of the right so far as the size of the pipe was
    concerned.
       [Ed. Note.—For other cases, see Easements, Cent. Dig. § 95; Dec. Dig.
    § 40.*]

Appeal from Trial Term, Otsego County.

Action by Gertrude St. John Wood against the Village of Richfield
Springs.   From a judgment on the report of a referee dismissing the
complaint, plaintiff appeals.   Reversed, and judgment granted for
plaintiff.

Argued before SMITH, P. J., and KELLOGG, HOWARD, and
WOODWARD, JJ.

Arnold & Cooke, of Cooperstown, for appellant.

William T. Welden, of Richfield Springs (Louis E. Walrath, of
Cooperstown, of counsel), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SMITH, P. J. Upon the 3d day of May, 1879, three sisters, Catherine M. St. John, Sarah A. St. John, and Martha St. John, were owners of a parcel of land outside of the village of Richfield Springs. The village of Richfield Springs desired to purchase a strip of this parcel of land for the purpose of conducting some water pipes across the same, and of obtaining the use of certain springs thereupon. Upon the day named the three sisters executed a deed to the village of Richfield Springs of a strip of land containing about 4.12 acres, upon which their pipes were afterwards laid and a reservoir built for use, as waterworks to supply the village of Richfield Springs. That deed is recited to be in consideration of $700 to the grantors and duly paid. At the time that the pipe was laid upon this land, the main pipe was tapped and water taken to the buildings of the grantors. The evidence of one of the grantors uncontradicted is to the effect that they paid nothing for it, and that it was part of the consideration of the deed that they should have the use of the water. Thereafter, in 1908, after the original grantors had parted with their land to the plaintiff, the village of Richfield Springs relaid its pipes and cut off the connection with the buildings upon the land. This action is brought to enjoin such action upon their part; the plaintiff claiming the right to the use of said waters under the agreement made with her grantors at the time the land was sold.

[1] The learned referee has denied relief to the plaintiff upon three grounds: First, upon the ground that proof of the contemporaneous agreement, by the evidence of one of the grantors, was incompetent because it tended to vary the stipulations of the deed. In this holding we think the referee erred. In Rozier v. Buffalo, N. Y. & Phila. R. R. Co., reported in 15 Wkly. Dig. page 99, the plaintiff sought to compel the defendant to build a crossing over its road at a stated place on plaintiff's farm, and to fence its road through the plaintiff's farm. This agreement was shown to have been made at the time that the land was deeded to the defendant by the plaintiff. It was there held by the General Term of the Fourth Department that the execution of the deed was but a part performance of the agreement, and that the oral testimony introduced to prove other parts of the contract did not contravene the rule that the parol evidence was inadmissible to contradict or vary a written instrument. The same rule would seem to be held in Witbeck v. Waine, 16 N. Y. 532; Juilliard v. Chaffee, 92 N. Y. 535; Chapin v. Dobson, 78 N. Y. 74, 34 Am. Rep. 512. The case of Rozier v. Buffalo, N. Y. & Phila. R. R. Co., cited supra, is to my mind precisely parallel to the case at bar, and in the absence of overruling authority is determinative of the question here presented.

[2] The second ground upon which plaintiff has been denied relief is that such a contract is void by the statute of frauds, because not in writing. If, however, the contract was a part consideration of the transfer of the land, it does not rest with the defendant to say that it will hold this land and will not perform the contract because not evidenced by a writing. That would be to make use of a statute of fraud as an instrument for fraud, and not a use thereof contemplated within the authorities. Whatever right the defendant might have by rea-

son thereof to avoid the whole transaction, it cannot take advantage of the part favorable, even though in writing, and reject another part of the contract unfavorable because not in writing.

[3, 4] The third ground upon which plaintiff has been denied relief is that the right given was personal and expired with the ownership of the grantors, and did not pass to this plaintiff as a grantee of the original grantors. The right to the use of this water upon the premises, however, would seem to be a necessary incident to the enjoyment of the farm. Some of the springs had been taken upon the farm. The water was piped to the corner of the barn, primarily apparently for the use of the stock used upon the farm. Upon the sale of the farm the right to this water would materially enhance its value. From these circumstances there is no reason to believe that the right was ever given as a personal privilege, and there is every reason to believe that it was a right so far attached to the land as to pass with the land in perpetuity. There can be no difficulty in defining the extent of the right. If the connection were made at the time the waterworks were originally put in and by the servants of the village, who put in those waterworks, this constitutes a practical construction of the extent of the use as far as the size of the pipe is concerned. The right to the use of the water upon the farm would be confined to ordinary and domestic use, such as is frequently given, and has never been found incapable of definite limitation. The testimony of the only surviving grantor as to the right given at the time of the purchase is strongly corroborated by the continued use of the water from the time of the giving of the deed for 29 years, until the pipes were renewed, and the defendant can have little cause of complaint if the courts compel the continuance of the service.

The judgment should therefore be reversed on law and fact, and judgment granted as prayed for in the complaint, with nominal damage for the withholding of the water. This court finds from the evidence that at the time of the sale of the land to the defendant there was a collateral agreement, not embodied in the deed, giving the right to the owners of the land, whoever they might be, to make use of said water for domestic purposes through pipes no larger than those used for such connection from 1879 to 1908, and that the defendant threatens to sever said pipes and deprive the plaintiff of the benefit of the water therefrom.

Judgment reversed on law and facts, with costs, and judgment granted as prayed for in the complaint, with nominal damage for the withholding of the water and with costs. The court finds from the evidence that at the time of the sale of the land to the defendant there was a collateral agreement not embodied in the deed giving the right to the owners of the land, whoever they might be, to make use of said water for domestic purposes through pipes not larger than those used for such connections from 1879 to 1908, and that the defendant threatens to sever said pipes and deprive the plaintiff of the benefit of the water therefrom. All concur.