Samuel W. Eageb, J.
We have here a motion by plaintiff for summary judgment. The action is by a contractor against a town to recover a balance claimed to be owing the contractor for extra work and materials allegedly furnished under a contract for installation of lateral sewers, lateral water mains and improvements of highways in certain existing improvement districts in the town.
There is no issue with respect to the furnishing of the extra work and materials for which claim is made, nor with respect to the reasonable or agreed cost thereof. The town, however, by its answer, presents two alleged defenses. The “First”, alleged as a complete defense, sets forth that the contract was for the installation of improvements in special improvement districts in the town, and that the maximum amount specified in the petitions and resolutions of the town board for the improvements and the amount appropriated by the board therefor has been exhausted; that the town has no further funds available for payment of plaintiff’s claim; that any payment made by the town to satisfy plaintiff’s claim in excess of the maximum amount legally established to be expended for the improvements would be illegal in view of the provisions of section 197 and subdivision 2 of section 231 of the Town Law; and “ that any contract for work to be performed in excess of the appropriation must be void as to the amount in excess *933 as the municipality is without power or authority to enter into a contract for an amount in excess of the authorized appropriation. ’ ’
Now, it appears that the extra work and materials in question (excepting item “14” for $691.70) were actually ordered in writing by the town engineer who was given the power under the contract to so order the same in behalf of the town. Furthermore, as to items “ 1 ” to “ 10 ”, the town board by resolution expressly approved the engineer’s certification of the same and directed payment of the same subject to the retention of 10% to be held until completion of the job. It is concluded that the town has no valid defense as to these items expressly approved by the town board, the project having been fully completed. In my opinion, the town board has the power to contract for miscellaneous incidental extra work and materials deemed necessary in connection with a contract for sewer and street improvements in existing special improvement districts, with the power to assess the cost of the same against the districts benefiting. (See Town Law, §§ 198,199, 200, 202.) The fact that sufficient funds have not as yet been appropriated to provide for these items is not a defense to a liability therefor. For instance, in Mosher v. City of Elmira (83 Misc. 328, 331) it was held that “ The failure of funds appropriated will not defeat an action for an otherwise properly incurred liability. Port Jervis Water Co. v. Village of Port Jervis, 151 N. Y. 111; North River Elec. L. & P. Co. v. City of New York, 48 App. Div. 14. ” Bergaw, J., in Matter of Smith v. City of Rochester (285 App. Div. 46, 49) said ‘ ‘ A municipal corporation can incur an obligation and a duty to pay arising from the voluntary action it takes in pursuance to statutory authority; and the fact that funds to carry out the enterprise and the lawful undertaking of the city are not provided by the appropriating body or officers is usually not regarded as an answer to a lawfully incurred obligation.”
The provisions of subdivision 2 of section 231 of the Town Law merely operate to bar the town board from issuing obligations pursuant to the Local Finance Law in the excess of the maximum amount to be expended for the improvements as stated in the petitions, and such provisions do not deprive the board of the power to obligate the town for the incidental extra work and materials, the cost of which, insofar as it exceeds the specified maximum amount, to be forthwith chargeable and collected by local assessments against the districts.
Now, items “ 10 ” (second item “ 10 ”) “ 11 ”, “ 12 ”, “ 13 ” and “ 14 ” stand on a different footing in that the alleged extra work and materials represented by the same were not expressly *934 approved or ordered paid by the town board. It is true that the extra work and materials covered by said items “ 10 ” to “ 13 ” were ordered in writing, approved and certified by the town engineer, but there are issues here as to whether or not the contractor has complied with the provisions of paragraph XXTT of the contract. It is provided in said paragraph that the extra work and materials ordered by the town engineer shall be paid 1 ‘ only when a claim therefor is presented to the Engineer for allowance at the close of the calendar month in which the same has been done and furnished, otherwise all claim for such work or materials shall be absolutely waived by the Contractor, and the Town shall not be required to allow payment for the same nor for any part thereof ’ ’. It is further therein provided that the contractor “ shall have no claim for compensation for such work in the case of items not covered by unit prices unless a statement in writing of the actual cost of the same, fully itemized as to labor and materials, is presented to the Engineer before the fifteenth day of the month following that during which each specific order was complied with by it.” These provisions constitute conditions precedent to liability of the town for extra work and materials, and the bona fide issues as to whether or not there has been compliance therewith precludes’ summary judgment.
The defendant has a ‘ ‘ Second * * * Partial ’ ’ defense, being a defense alleged as against item “ 13 ” of $19,049.38, for installing a lateral sewer line in Hartsdale Avenue, which sewer line was not called for by the original plans, specifications, estimates and contracts prepared in connection with the proposed improvement. In and by said partial defense, it is alleged and it in fact appears without contradiction, that no petition was filed or request made for a change in the original plans for the improvements to include this sewer line in Hartsdale Avenue; that no public hearing was held with respect to any such change; and that the installation of a sewer line in Hartsdale Avenue was never authorized or approved by the town board. It clearly appears that the installation of a sewer line in Hartsdale Avenue was not originally intended or contemplated.
The plans and specifications for the proposed improvements, adopted and approved by the town board and which constituted the basis for bids for the improvements, did not include any reference to any improvement of or along Hartsdale Avenue. Such sewer line was outside the scope of the contract between the plaintiff and the defendant, and it is concluded that the town engineer had no authority to order this work. The contractual provision authorizing the town engineer to order the *935 contractor to furnish extra work and materials deemed by him necessary or advisable for the proper completion of the project or purposes thereof, is to be construed merely to authorize him to contract for incidental extra work and materials reasonably necessary to complete the project as set forth in the plans and specifications. This would not authorize him to order the improvement of additional streets or installation of additional sewer lines not mentioned in the plans.
The approval by the town board of extra work and materials ordered by the town engineer for the installation of a storm drain on certain streets not called for by the original plans and specifications, if beyond the range of the original contract, did not, of course, require the board to approve the unauthorized acts of the engineer in ordering the sewer line not within the scope of the work as originally petitioned for and authorized.
Plaintiff, on this application, shall have judgment for $9,517.03, and interest thereon at 4% from August 26, 1957, which represents the balance due on the contract, including for the extras covered by items “ 1 ” to “10” aforesaid. Otherwise, the motion is denied.
Settle order on notice.