Samuel W. Eager, J.
We have here a motion by plaintiff for summary judgment upon a cause of action for declaratory judgment. The material facts are undisputed.
*869 The defendant, Westchester Joint Water Works No. 1 (hereinafter referred to as Water Works) was organized pursuant to the provisions of chapter 654 of the Laws of 1927, as amended. It is a public corporation formed of three member municipalities, to wit: the Town of Mamaroneck, the Village of Mamaroneck and the Town of Harrison, all of Westchester County, New York. The Water Works was organized to own and maintain a plant and equipment, including transmission water lines, for the purpose of furnishing water to the distribution systems of the member municipalities. The latter own and maintain their respective distribution systems located within their respective geographical boundaries.
The Water Works commenced operating in or about April, 1927. In 1929, it acquired from one Caroline L. Bill a permanent easement through an undeveloped tract of land of about 35 acres owned by her. The easement confers upon the Water Works the right forever to construct, maintain and operate a transmission water line upon a strip of land 15 feet wide, extending in and through the said 35 acre tract, with the right to construct and maintain therein the necessary water mains and accessories. A transmission water line installed pursuant to such easement has been used for many years and is still being used to carry water to a distribution system serving the Town of Mamaroneck. The easement was granted and conveyed to the Water Works by a certain agreement in writing, dated November 29, 1929, between the said Caroline L. Bill as party of the first part and the Water Works as party of the second part. The said agreement (hereinafter referred to as the “ 1929 agreement ”) expressly provides, among other things, that:
As a further part of the consideration moving to the party of the first part for this grant of easement, the party of the second part, for itself, its successors and assigns, and as agent for the Town of Mamaroneck, hereby agrees that it will hereafter and within six months after receiving notice and demand from the party of the first part lay or cause to he laid a six inch water main in the property of the party of the first part through which the aibove described grant of easement runs as follows:
1. Said pipe shall be laid under the surface of a strip of land to be designated by the party of the first part as a street. * * «
2. The line of said proposed street in and under which said six inch distribution main is to be laid shall be hereafter determined by the party of the first part * * *.
3. It is within the contemplation of this agreement that said proposed street shall contain in length approximately 1780 linear feet and if the party of the first part lays out such street so as to contain more than 1800 linear feet, the party of the first part shall not be obliged to lay more than 1800 linear feet *870 of six inch pipe unless the party of the first part, her heirs, successors or assigns, shall pay the cost of any additional footage of pipe line required.
■v X X
5. The party of the first part agrees to commence the work of laying said six inch pipe line within six months after receiving notice so to do, provided said street is first rough graded, and further agrees to complete said work within a period of four months after commencing the same, excepting only delays caused by circumstances wholly outside of the control of the party of the second part.
The 35-acre tract remained undeveloped during its ownership by Caroline L. Bill and the six-inch water main to be laid as a part of the consideration for the easement granted to the Water Works was not installed, nor was any demand made for the laying of the same. On December 12, 1945, Caroline L. Bill conveyed the tract of land to Sales Management, Inc., a corporation of which her son was the sole stockholder. Thereafter and on September 16, 1955, the said corporation conveyed the tract of land to the plaintiff, which is a residential construction corporation. The plaintiff acquired the property for the purposes of development, and has planned the construction thereon of houses and necessary streets, sewers and water lines. The plaintiff has demanded that the Water Works and the Town of Mamaroneck honor the obligation of the covenant contained in the 1929 agreement to lay 1,800 feet of six-inch water main. The Water Works and the town, however, refuse to carry out the covenant.
The plaintiff in this action seeks a judgment declaring that the covenant in the 1929 agreement for the laying of 1,800 feet of water main in the said 35-acre tract acquired by plaintiff is binding upon the defendant Water Works and also upon the defendant Town of Mamaroneck. Under the circumstances here, it is clear that the action for declaratory judgment is maintainable. Where there presently exists, as here, an actual and genuine dispute as to the validity and effect of an agreement and as to the respective rights and obligations’ of the parties by virtue of the provisions thereof, and where, as here, a complete and final determination of their rights and obligations is not readily obtainable in another form of action or proceeding, a declaratory judgment action is the proper remedy. (See, 2 Anderson, Actions for Declaratory Judgments [2d ed.], ch. 12; 26 0. J. S., Declaratory Judgments, § 54; Derby v. Gayvert & Co., 286 App. Div. 1150; Strobe v. Netherland Co., 245 App. Div. 573.) And, where as here, there is no dispute in the material facts, a motion lies for summary judgment in the declaratory judgment action, and, upon such, a motion, the *871 court should grant judgment for such declaration as is justified by the undisputed facts.
The defendant town disclaims liability upon the covenant for the installation of the water main upon the ground that it was not a party to the 1929 agreement containing the covenant and upon the further ground that it did not authorize the covenant which is stated to be made by the Water Works “ for itself, its successors and assigns, and as agent ’ ’ for the town. As noted, the persons who are designated as the parties to the agreement are Caroline L. Bill and the Water Works. The agreement purports to be executed by her and by “Westchester Joint Water Works No. 1, by George W. Burton, Chairman and does not show execution by the defendant town. True, absent requirement of the Statute of Frauds, it is not necessary that a written agreement be signed by a party in order to be binding upon him (see 17 C. J. S., Contracts, §§ 62, 346), but it is also true that duly authorized assent is a condition precedent to a valid agreement.
Here, it appears that there was no action taken by the Town Board of the defendant town authorizing or approving the said covenant in the 1929 agreement. And it is to be noted that, with respect to town contracts, it is expressly provided by statute that they are to be awarded by the Town Board and are to be executed ‘ ‘ by the supervisor in the name of the town after approval by the town board.” (Town Law, § 64, subd. 6.) Compliance with these legislative requirements is generally a condition precedent to a valid town contract. (See McDonald v. Mayor, 68 N. Y. 23; Holroyd v. Town of Indian Lake, 180 N. Y. 318.)
Noted, also, of course, is the statutory provision that the board of trustees of a joint water works “ shall be deemed the agents of the municipalities forming said joint water works.” (L. 1927, ch. 654, § 6.) Such agency conferred upon the trustees is not, however, to be held to be a general one giving the Water Works and its trustees unlimited authority to directly bind member municipalities to any and all contracts incidental to the functions of the Water Works. Clearly, the provision is limited by the other provisions of the statute defining the respective functions, duties and obligations of the Water Works and of the member municipalities, and it is effective merely to confer upon the Water Works the authority to bind the municipalities in accordance with their responsibilities under the statute.
Here, the acquisition of the easement by the Water Works for a transmission water line to be part of its plant was in the first instance the responsibility of the Water Works with the *872 cost of the acquisition to be paid by it from funds to be raised as provided by the statute. The consideration therefor was not properly the direct obligation of the defendant town. It is concluded, therefore that the Water Works had no power to bind the defendant town to the covenant which was part of the consideration for the acquisition of the easement. (Cf. Holroyd v. Town of Indian Lake, supra.)
The Water Works, however, should be and is bound by the said covenant. The acquisition of the easement for the transmission line through the 35-acre tract was within its powers as prescribed by statute. The agreement for the easement and containing the covenant, was executed by the chairman of the Water Works and bears its seal. It did accept and, by virtue of the agreement, has for many years enjoyed the benefit of the easement. It presently claims the right to maintain the transmission line by virtue of the agreement. It would have no right, of course, to take advantage of the part of the agreement favorable to it, namely, the use of the easement conveyed thereby, and repudiate an obligation constituting part of the consideration for the easement. Under all the circumstances, the said 1929 agreement and the particular covenant therein are to be deemed to have been duly authorized, and, in any event, the agreement must be deemed to have been fully ratified by the Water Works. It is bound to comply therewith. (See Ward v. Kropf, 207 N. Y. 467; City of Cleveland v. Village of Cuyahoga Heights, 81 Ohio App. 191; also 10 McQuillin, Municipal Corporations [3d ed.], §§ 29.103, 29.104.) The failure to date to appropriate funds to take care of this proper obligation of the Water Works will not under the circumstances operate as a defense to its responsibility, there being means by which the funds may be raised at this time. (See L. 1927, ch. 654, §§ 5, 10, 11, as amd.; also Mosher v. City of Elmira, 83 Misc. 328; Matter of Smith v. City of Rochester, 285 App. Div. 46, 49.)
It is argued by the defendants that the rights of Caroline L. Bill under the covenant are such that they would not pass and that, in any event, they have not passed to the plaintiff. The covenant, however, was one exacted for the benefit of the land and is of such a nature that it would ordinarily pass with a grant of the land as an incident to the ownership thereof. A reading of the entire agreement does not give an indication of an intent that the covenant was to be a mere personal one to run solely for the benefit of Caroline L. Bill. (In fact, there is in one instance a reference to her ‘ ‘ heirs, successors or assigns ” in the provisions having to do with the covenant. *873 See subpar. 3.) Clearly, her rights under the covenant were assignable. Bearing in mind that the covenant would no longer be of any value to her after she conveyed the tract, the inference is that she intended to assign her rights thereunder to her son’s corporation as an appurtenance with the conveyance to it. And, it is noted that the conveyance from such corporation to the plaintiff expressly stated that all right, title and interest of the grantor in and to the covenant was transferred to the plaintiff. Generally speaking, a covenant for the benefit or improvement of particular land, in the absence of a contrary intent expressed in a conveyance thereof, runs with the land and passes as an appurtenance with the conveyance. Thus, the rights of Caroline L. Bill -under the 1929 agreement have passed to the plaintiff as the present owner of the 35-acre tract. (See Wood v. Village of Richfield Springs, 163 App. Div. 103; Strough v. Conley, 164 Misc. 248.)
Finally, we have here the question of whether or not there was any limitation of time for the making of a demand upon the Water Works for the installation of the water main in accordance with the covenant. Also involved is whether or not the enforcement of the covenant is barred by the Statute of Limitations. The agreement, made in 1929, was that the Water Works “ will hereafter and within six months after receiving notice and demand from the party of the first part lay or cause to be laid ” the water main. It is stated as a general rule that, where, under the terms of a contract, performance by a party is to be made following a demand and the time for making a demand is not in any way indicated by the wording of the contract, a requirement that a demand be made within a reasonable time is to be implied. (See Campbell v. Whorishey, 170 Mass. 63; Ann. 159 A. L. R. 1053; 17 C. J. S., Contracts, § 503, subd. e, p. 1067.) This general rule would, however, be subservient to the primary principle used in construction of contracts that a court must, if possible, ascertain and give effect to the mutual intention of the parties. Therefore, it is held that a demand required to fix the time of performance under a contract is sufficient if made in conformity with the intent of the contract. (See Ann. 159 A. L. R. 1053, supra, and cases cited.)
Here, as noted, the covenant for the installation of the water main was part of the consideration for a transmission line, easement to run in perpetuity through the 35-acre tract. The water main to be installed in the tract was to be an adjunct to the transmission line and an outlet for water to be sold by the Water Works. Under these circumstances, bearing in *874 mind that the parties used the term ‘ ‘ hereafter ’ ’ without limitation in fixing the time for the demand for installation of the water main, it is concluded that the parties intended that the covenant should continue to bind the Water Works as long as it maintained the transmission line. As long as it continues to have the benefit of the easement for its transmission line, it is bound by the burden of this covenant furnishing part of the consideration for the easement.
It is concluded that the Statute of Limitations is not applicable to furnish a defense to the enforcement of the covenant at this time. Inasmuch as performance of the covenant depended upon receipt by the Water Works of notice and demand, a breach by the Water Works of the contract would not ordinarily occur until after the making of a demand. Thus, a demand being an essential element of a cause of action for breach of contract, and the agreement not contemplating that the demand was to be made forthwith, section 15 of the Civil Practice Act does not apply. The Statute of Limitations would not begin to run until after a demand and refusal to perform. (See 2 Carmody-Wait, Cyclopedia of N. Y. Practice, ch. 13, § 98.)
In view of the foregoing, judgment is directed determining and declaring: (1) That the defendant Town of Mamaroneck is not bound by nor obligated to carry out the covenant in the 1929 agreement for the installation of the 1,800 feet of water main in the 35-acre tract owned by plaintiff; and, (2) That the said 1929 agreement is a valid and subsisting agreement in all respects binding upon the defendant Westchester Joint Water Works No. 1, and that said Water Works is obligated to plaintiff to carry out the covenant for the installation of the 1,800 feet of six-inch water main in the plaintiff’s property in accordance with the terms and provisions of the 1929 agreement. The determination here has solely to do with respect to the rights and obligations as between the plaintiff and the defendants, and there is no determination here of the rights and obligations of one defendant to another. The judgment shall so recite.
Settle order and judgment on notice. No costs.