■ In the Matter of TOWN OF MAMARONECK et al., Appellants, v. WESTCHESTER JOINT WATER WORKS No. 1 et al., Respondents.— In a proceeding under article 78 of the former Civil Practice Act, to review and annul a determination of the respondents, Trustees of the Westchester Joint Water Works No. 1, contained in their resolution adopted December 14, 1959, authorizing them to withhold the sum of $6,003.86 from the Town of Mamaroneck out of the water rents and revenues collected for it, the town and the other petitioners appeal from an order of the Supreme Court, Westchester County, entered June 4, 1964 upon the court's decision, which denied their application and dismissed the petition. Order reversed on the law, without costs; application granted, and determination annulled. The ultimate controversy between these two agencies of government (the Town of Mamaroneck and the Water Works) narrows down to the question as to which one of them is finally to be held liable for the cost of laying a certain water main. In 1959 both were defendants in an action seeking declaratory judgment that, as between them and the plaintiff, they were liable for the cost of laying the main under a contract made in 1929 by which the Water Works received an easement through land. The consideration therefor was that in certain events a water main would be laid if the property owner or her successors should request it. The judgment in that action declared Water Works to be liable to the land owner; but the court expressly declined to fix the respective liabilities of the two defendants, the town and the Water Works (*Soundview Woods* v. *Town of Mamaroneck*, 14 Misc 2d 866, affd. 9 A D 2d 789). That question is now before us in this proceeding. The determination by Water Works, contained in its resolution, to withhold payment to the town was made shortly after the affirmance of the judgment in the *Soundview* action

950

(*supra*). The resolution was passed pursuant to chapter 654 of the Laws of 1927 (§ 15, subd. 4, as added by L. 1937, ch. 885). That statute authorizes a water works " to bill and collect water rents and charges for each municipality and pay over the same to the municipality entitled thereto at such times as may be provided *after deduction of all sums lawfully due* the joint water works including the cost of such management and operation as agent *which cost shall be apportioned among the member municipalities on the basis of the annual consumption of water* within the said municipalities." (Emphasis added.) The authority thus conferred is narrow; it does not permit a water works to collect, as against one of its constituent municipalities, a sum allegedly due under a *contested* contract liability. Hence, the determination under review was made without statutory authority and must be annulled. In this article 78 proceeding we may not render a declaratory judgment that the town or the Water Works is liable under the 1929 contract (*Matter of Incorporated Vil. of Farmingdale* v. *Inglis,* 29 Misc 2d 727, mod. in other respects, 17 A D 2d 655). However, on this point the opinion of Mr. Justice EAGER at Special Term in 1959 bears repetition. Although refusing to *adjudicate* the liabilities between the two defendants, the town and the Water Works, he said: " The consideration  *  *  * [for the acquisition of the easement] was not properly the direct obligation of the defendant town  *  *  * [and] the Water Works had no power to bind the defendant town to the covenant " (*Soundview Woods* v. *Town of Mamaroneck,* 14 Misc 2d 866, 872, *supra*). We deem it appropriate to observe that we consider the quoted dictum to be a sound expression of the applicable law. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.