Bernard S. Meyer, J.
Plaintiff bank moves for summary judgment; defendant automobile dealer cross-moves for like relief. The action is on the 1 ‘ full repurchase” agreement executed by defendant dealer on June 2, 1965 when it assigned to plaintiff the retail installment contract under which one Gerardo purchased a vehicle from defendant. Though the first installment due under the contract on August 2, 1965 was not paid, nor were any installments thereafter due paid, plaintiff did not notify defendant of Gerardo’s default or make demand for performance of the “full repurchase” agreement until October 17, 1966. In the meantime plaintiff instituted action against Gerardo on November 3, 1965 and obtained a default judgment on February 16, 1966. On October 31, 1966, after the time for repurchase specified in the October 17, 1966 demand, plaintiff issued execution and the vehicle was sold. In the instant action, plaintiff seeks to recover $3,256.54, which is the full amount of $4,186.29 due by Gerardo under the contract less $929.75 received from the execution sale. Defendant’s answer *1031 sets up four affirmative defenses, but on this motion and cross motion it urges only the first, to which reference is hereafter made. Plaintiff’s motion is denied; defendant’s cross motion is granted and the complaint is dismissed.
The ‘1 full repurchase ’ ’ agreement for breach of which plaintiff seeks to recover reads as follows: ‘1 Without recourse, except that undersigned agrees that if any payment specified to be made by Buyer shall not be made when due, by acceleration or otherwise as in said contract provided, the undersigned will forthwith upon request repurchase from the assignee the vehicle described in the contract upon repossession and will pay therefor the unpaid portion of the purchase price plus any and all other sums that may be due under said contract.” Defendant’s first affirmative defense is the “ custom and usage in New York State and elsewhere * * * of which plaintiff herein had notice, to the effect that * * *■ [under] an agreement of full repurchase * * * the lending institution is required to repossess and return the vehicle for repurchase within a reasonable period of time after default by the purchaser under the retail installment contract and that such reasonable period of time is usually ninety (90) days after such default and that if such vehicle is not returned for repurchase within such period of time after default by the customer, the dealer * * * is not required to repurchase the vehicle at a future date ”. The existence and extent of the custom pleaded is proved by affidavits of two experts in the field of automobile financing. Plaintiff’s moving affidavit characterizes this defense as feigned, but nowhere denies the existence of the custom and usage or notice by plaintiff of its existence. Rather plaintiff contents itself with arguing in its brief that the full repurchase agreement is clear and unambiguous and cannot be modified by custom and usage.
Clear it is that when custom and usage are inconsistent with the express terms of an agreement, the agreement terms control (Uniform Commercial Code, § 1-205, subd. [4]); Rothstein Corp. v. Kerr S. S. Co., 21 A D 2d 463, affd. 15 N Y 2d 897; Koreska v. United Cargo Corp., 23 A D 2d 37 and 734). But examination of the “full repurchase” agreement discloses that while it requires repurchase to be made ‘1 if any payment be not made when due * * * upon request * * # upon repossession ’ ’ it establishes no time relationship between the three elements of default, repossession and request. When a contract fails to establish the time for performance, the law implies that the act shall be done within a reasonable time *1032 (City of New York v. New York Cent. R. R. Co., 275 N. Y. 287) and when an agreement sets no time within which a demand for performance must be made, the law will imply that it must be made within a reasonable time after the event out of which the right to make the demand arises (Soundview Woods v. Town of Mamaroneck, 14 Misc 2d 866, 873, affd. 9 A D 2d 789; see 17A C. J. S., Contracts, § 503 [3]). It is, thus, implied as part of the “full repurchase ” agreement that repossession occur within a reasonable time after default, and that demand for repurchase occur within a reasonable time after repossession. The pleaded custom, therefore, neither alters nor modifies the express agreement. Bather, it is consistent with it and, therefore, admissible to establish what is a reasonable time (B. M. Heede, Inc. v. Roberts, 303 N. Y. 385; Atkinson v. Trues-dell, 127 N. Y. 230; Uniform Commercial Code, § 1-204, subd. [2] and Official Comment 2; see, also, Uniform Commercial Code, § 1-102, subd. [2], par. [e] § 1-205, subds. [3], [4]).' Since a motor vehicle is a depreciating asset, delay in repossession and demand reduces the value of the asset the dealer is required to repurchase. It cannot be said, therefore, that the 90-day period established by the pleaded custom is unduly short (see Schnitzer v. Lang, 239 N. Y. 1 and Uniform Commercial Code, § 1-204, subd. [2]).
Since plaintiff has denied neither the custom nor its knowledge of it nor disputed the reasonableness of the period established by it, and since parol evidence of the custom is admissible, it follows that plaintiff’s motion for summary judgment must be denied and defendant’s cross motion must be granted.