Louis B. Heller, J.
This is an application by defendant for an order directing the County Clerk of Kings County to accept and file a stipulation made on the record in a separation action and that such stipulation he deemed an ‘ ‘ agreement ’ ’ pursuant to subdivision (6) of section 170 of the Domestic Delations Law.
Section 170, as pertinent here, provides: “ § 170. Action for divorce. An action for divorce may be maintained by a husband or wife to procure a judgment divorcing the parties and dissolving the marriage on any of the following grounds: * * *
“ (6) The husband and wife have lived separate and apart pursuant to a written agreement of separation, subscribed and acknowledged by the parties thereto in the form required to entitle a deed to be recorded, for a period of two years after the execution of such agreement and satisfactory proof has been submitted by the plaintiff that he or she has duly performed all the terms and conditions of such agreement. Such agreement shall he filed in the office of the clerk of the county wherein either party resides within thirty days after the execution thereof.”
This action, following service of a complaint in September, *10 1963 and joinder of issue thereafter, came on for trial on October 13,1965. At that time after consultation and conference with the parties and with their consent, the court disposed of and discontinued the matter without order or decree by a stipulation dictated on the record in open court. The “ agreement if defendant so wishes to describe the stipulation, wholly fails to conform to the statutory requirements. It is not “ written ”, nor “ subscribed ” nor “ acknowledged ”. These provisions for execution are, in my opinion, most important in that an agreement which is deficient in these respects could not where necessary be used to convey an interest in real property under the Recording Act (Real Property Law, art. 9) or effect a proper waiver of election under section 18-e of the Decedent Estate Law. The statutory requirements attendant upon such a waivef of right of election will be strictly construed (Matter of Colaci, 288 N. Y. 158, 163; Matter of McGlone, 284 N. Y. 527).
This determination is expressly restricted to the facts in this case. No intimation or conclusions as to the presence or absence of retroactivity or their significance here are therefore indicated or warranted.
The motion is in all respects denied. The informal request by plaintiff’s counsel for allowance of counsel fees is likewise denied.