Albert H. Busohmann, J.
This action by a wife for an absolute divorce is predicated upon the alleged separation of the parties for over two years.
On July 29, 1965 an application by the wife against the husband for writ of habeas corpus concerning the custody of the children of the parties came on to be heard before a Justice of this court. Ho testimony was taken. Instead, in open court and on the record, the parties stipulated that: ‘ ‘ the within writ is sustained upon the following terms and conditions:
*531 (1.) That the petitioner, Joan Martin, shall have the exclusive care, custody and control of the issue of the marriage of the parties, to wit, Mitchell Martin and Colleen Martin.
“(2.) That the respondent herein, James Martin, shall have the right to visit with the children of the marriage on Sunday of each week between the hours of 10:00 a.m. and 6:00 p.m., and on Wednesday evening of each week between the hours of 5:00 p.m. and 7:30 p.m.
“ (3.) The respondent shall move and vacate from the premises currently occupied and jointly owned by the parties hereto, located at 218-09 133rd Road, Springfield Gardens, Queens County, New York, and that the parties shall live separately and apart from each other. The petitioner herein, Joan Martin, and the two children of the said marriage shall have the sole and exclusive occupancy of the said premises vacated by the respondent, it being intended that the petitioner herein and the two children of'the marriage shall occupy the said premises. The respondent currently maintains his vehicles and equipment arising from his carpentry business in a garage to said premises. The respondent will make expeditious effort to remove such vehicles -and equipment and to vacate said garage premises as soon as it is practically and conveniently possible.
“ (4.) The respondent shall provide for the support of the children of the marriage and for the petitioner the sum of $50.00 each week to be paid to the wife at her residence, and in addition thereto, the respondent shall pay for the maintenance of the one-family home premises located at 218-09 133rd Road, Springfield Gardens, New York, which shall include the mortgage payment, which is inclusive of taxes and insurance, and the utilities, which shall include telephone, gas and electricity.
“ (5.) The respondent shall pay for all necessary medical and dental expenses, and the respondent shall make every effort in the reasonable future to secure and maintain a hospitalization plan similar to a Blue Cross-Blue Shield plan for the benefit of the children of the marriage and the petitioner.
“(6.) Both parties undertake and agree that they shall not do anything which shall improperly influence the children with respect to each other, nor to say anything to the children which may be construed as disparaging of either parent.
“ (7.) The respondent undertakes to pay to the petitioner’s attorney for this proceeding the sum of $150.00, which sum shall be paid to petitioner’s attorney upon service of a settled order upon respondent’s attorney.” (Emphasis supplied.)
*532 At the foot of the transcript containing this stipulation, the Justice hearing the writ wrote the following and signed his name thereto:
££ Jamaica N. T.
July 29, 1965
£ ‘ After conference with the court, in the presence of the parties and their respective attorneys the writ is sustained on consent — custody of the children is awarded to the mother petitioner with visitation rights granted to the father' — 'Settle judgment in accordance with stipulation.”
On August 10, 1965, a judgment substantially conforming to the wording of the stipulation was entered by the County Clerk.
The plaintiff contends that even though the proceeding before the court in 1965 merely was a writ of habeas corpus concerning custody, the court had the power to go beyond the prayer for relief and grant a judgment of separation in order to do substantial justice. The defendant contends that, since there was no proof of the grounds for separation prior to the granting of the 1965 judgment, the court lacked jurisdiction to grant a binding judgment of separation. To support this contention, he cites former section 201 of the Domestic Relations Law, which was in effect in 1965 and which states:
££ § 201. Proof. In an action for a separation, a final judgment shall not be entered by default for want of an appearance or pleading, or by consent, or upon trial of an issue, without proof of the grounds for separation.” A similar provision is now incorporated in section 211 of the Domestic Relations Law.
In my opinion, it is unnecessary to decide the issue posed by these respective contentions. Subdivision (6) of section 170 of the Domestic Relations Law as amended by chapter 867 of the Laws of 1970 provides that an action for divorce may be maintained to procure a judgment divorcing the parties and dissolving the marriage on the ground that: ££ the husband and wife have lived separate and apart pursuant to a written agreement of separation, subscribed and acknowledged by the parties thereto in the form required to entitle a deed to be recorded, for a period of two years after the execution of such agreement and satisfactory proof has been submitted by the plaintiff that he or she has substantially performed all the terms and conditions of such agreement. Such agreement shall be filed in the office of the clerk of the county wherein either party resides by either party to such agreement, prior to the commencement of an action authorized herein. In lieu of filing *533 such agreement, either party to such agreement may file a memorandum of such agreement, which memorandum shall he similarly subscribed and acknowledged as was the agreement of separation and shall contain the following information: (a) the names and addresses of each of the parties, (b) the date of marriage of the parties, (c) the date of the agreement of separation and (d) the date of its subscription and acknowledgement of such agreement of separation.”
It has been held that a stipulation made in open court partakes of the nature of a contract (Bond v. Bond, 260 App. Div. 781; see Schlossberg v. S'chlossberg, 62 Misc 2d 699, 701). In the instant case, both parties were present in open court when the stipulation of separation was made. Both parties were represented by able counsel. The stipulation was made in open court in the presence of a Supreme Court Justice. A written transcript was made and witnessed by the Justice before whom the stipulation was made. Thereafter the stipulation was reduced to the form of a judgment and entered by the County Clerk. Under these facts, should the wife be any less entitled to maintain an action for divorce than if the parties had subscribed and acknowledged a written separation agreement? In the court’s opinion, she should not. The written transcript containing the stipulation and the parties’ consent was filed with the County Clerk, together with the judgment. This stipulation, made in open court by the parties, should carry no less weight than a written agreement subscribed and acknowledged outside of court. The purpose of the filing provision with respect to separation agreements clearly is to evidence the fact that the agreement was made before the maintenance of the divorce action. This is the precise reason that subdivision (5) of section 170 requires a separation decree or judgment. The Court of Appeals made this abundantly clear in Gleason v. Gleason (26 N T 2d 28). On pages 35 to 36, Chief Judge Fttld observed: “ The decree is simply intended as evidence of the authenticity and reality of the separation. Implicit in the statutory scheme is the legislative recognition that it is socially and morally undesirable to compel couples to a dead marriage to retain an illusory and deceptive status and that the best interests not only of the parties but of society itself will be furthered by enabling them ‘ to extricate themselves from a perpetual state of marital limbo. ’ (Adelman v. Adelman, 58 Misc 2d 803, 805; see, also, Wadlington, Divorce Without Fault Without Perjury, 52 Va. L. Rev. 32, 81-87.) ”
On page 37, Chief Judge Fttld stated further that: 1 ‘ Reasonably and sensibly read, the statute, as a whole, points the *534 construction that all that has to be proved is that there is some kind of formal document of separation — in this case, a judicial decree — that the plaintiff has complied with its terms and that the parties have lived apart pursuant to the decree for two years after September 1, 1966. The function of the decree, as we have already noted, is merely to authenticate the fact of separation.” The judgment in the instant case, together with the stipulation of the parties as expressed in the transcript, certainly fulfills the requirement that there be proof of “ some kind of formal document of separation”. Without a doubt, it is sufficient to authenticate the fact of separation. For the court to fail to recognize it as the basis for a divorce would do violence to the recognition in the statutory scheme “ that it is .socially and morally undesirable to compel a couple whose marriage is dead to remain subject to its bonds.” (p. 39).
Accordingly, the court is of the opinion that under the circumstances in this case the plaintiff is entitled to a divorce provided she has submitted satisfactory proof that she has substantially performed all the terms and conditions of the stipulation and that the parties have lived separate and apart for a period of two years after the stipulation was entered into. After reviewing the evidence introduced at the original trial of this action, the court was not completely satisfied that this burden had been met by the plaintiff. Accordingly, in the interest of justice, the court directed a continuation of the trial for the purpose of taking additional testimony on those issues. The court finds that the testimony of the plaintiff at the continuation of the trial, particularly upon her cross-examination, together with the evidence offered on the original trial, proves satisfactorily that she has substantially performed all the terms and conditions of the stipulation of separation and that the parties have lived separate and apart for two years after the execution of such stipulation within the meaning of subdivision (6) of section 170 of the Domestic Delations Law.
Judgment shall be granted to the plaintiff divorcing the parties and dissolving the marriage. Plaintiff is awarded custody of the children. Questions of alimony, support, and visitation are referred to the Family 'Court for determination.