Leo Brown, J.
In this action for a divorce pursuant to subdivision (5) of section 170 of the Domestic Relations Law, the defendant wife moves to dismiss the complaint pursuant to CPLR 3211 (subd. [a], par. 1) and for counsel fees in the sum of $1,500.
In 1958 the defendant herein instituted an action for annulment on the grounds that the plaintiff had previously been married and that a prior Alabama divorce was invalid. On January 8,1960, Mr. Justice Shapiro signed a judgment which, among other provisions, dismissed the complaint. On the same day a hearing was held before Mr. Justice Shapiro, at which time it was stipulated that the wife was requesting the husband to vacate the premises and when and if he did so, such act would not be considered an abandonment.
It is contended by the plaintiff that the judgment and stipulation when read together are sufficient to constitute a “ decree or judgment of separation ” as such term is used in subdivision (5) of section 170 of the Domestic Relations Law. Plaintiff further contends that pursuant to the judgment or separation decree the parties have been living separate and apart for more than two years after September 1, 1966 and are entitled to a *436 divorce. The defendant wife contends that the January 8, 1960 judgment is not a sufficient basis to grant a divorce decree.
In Gleason v. Gleason (26 N Y 2d 28, 37) the court, in interpreting the statute in issue (Domestic Delations Law, § 170, subd. [5]), stated: “ Deasonably and sensibly read, the statute, as a whole, points the construction that all that has to be proved is that there is some kind of formal document of separation — in this case, a judicial decree — that the plaintiff has complied with its terms and that the parties have lived apart pursuant to the decree for two years after September 1, 1966. The function of the decree, as we have already noted, is merely to authenticate the fact of separation.” Thus, the issue in the case at bar is whether there is “ some kind of formal document of separation ”.
In a pre-Gleason case where the parties reached a separation agreement in open court, the court refused to grant a divorce pursuant to subdivision (6) of section 170 of the Domestic Delations Law on the technical grounds that the separation agreement was not “ written ”, “ subscribed ” or “ acknowledged ” in a recordable form sufficient to comply with the statute. (Jacobs v. Jacobs, 55 Misc 2d 9.)
Subsequent to the Gleason case (supra), the courts have made several determinations as to what is a sufficient ‘ ‘ formal document of separation”. In Harris v. Harris (36 A D 2d 594), the court held that a judgment of ‘ ‘ Separate Maintenance ’ ’ by the Superior Court of New Jersey based upon findings of abandonment and separation is a “ formal document which authenticates the fact and .reality of the parties ’ separation ’ ’ and is sufficient to sustain a cause of action for divorce pursuant to subdivision (5) of section 170. A similar case is Levenson v. Levenson (N. Y. L. J., Oct 14, 1970, p. S12, col. 8), wherein Mr. Justice Frank refused to dismiss a complaint where a New Jersey judgment of “ Separate Maintenance ” included introductory recitals indicating that the parties had been separated from April 23,1960, but failed to state the fact of the separation in the decretal paragraphs. The court indicated that on such facts the complaint may not be dismissed and relief is available under the Gleason rule as the judgment was a sufficient formal document.
In Martin v. Martin (63 Misc 2d 530 [Buschmann, J.]), a wife brought an action for divorce predicated on an alleged separation for over two years. In that case, during a habeas corpus proceeding, the parties entered into a separation agreement in open court. The agreement provided for the care and custody of the children, the husband’s visitation rights, the removal *437 and vacation of the husband from the marital residence, the use and occupation of the residence by the wife and the support to be paid by the husband, including payments for the home and medical and dental expenses. It was further stipulated (p. 531) ‘ ‘ that the parties shall live separately and apart from each other ”. The transcript was signed by the Judge at the bottom and a judgment substantially conforming to the wording of the stipulation was entered by the County Clerk. On this set of facts the court held that the stipulation in the transcript, together with the judgment, fulfilled the requirement that there be proof of ‘ ‘ some kind of formal document of separation ’ ’ and granted a judgment of divorce even though the agreement was not subscribed to and acknowledged in the form required to entitle a deed to be recorded. The court reasoned that a stipulation made in open court partakes in the nature of a contract in the same manner as a written separation agreement. It further reasoned that the filing requirement was meant to evidence the fact that the agreement was entered into before the maintenance of the divorce action and that the judgment taken together with the stipulation fulfills the requirement as laid down in the Gleason ease (supra).
In the light of these cases we must now examine the situation at bar. The judgment of January 8, 1960 makes no reference whatsoever to a separation agreement nor, even given its most liberal interpretation, can it be said to be a judgment or decree of separation. It merely states that the complaint seeking an annulment is dismissed, that the children of the marriage are legitimate, that their custody is awarded to the wife, that since plaintiff and defendant are living under one roof there is no necessity for affirmative visitation rights and that, pending any other or different order of the court, the defendant shall continue to pay $30 per week for the maintenance of the household rent and utilities. The judgment in its recital and decretal paragraphs in no way bears on the marital status of the parties except to state that there is a valid and subsisting marriage which was not annulled. Accordingly, this case is markedly different from the Harris case (supra) and the Levenson case (supra), in both of which the court found that the prior decree or judgment was one for separation or was based on a separation. In fact, in this case the court recognized that the parties were not separated and were “ living under one roof ”.
Turning to the transcript of the hearing held on January 8, 1960, the record indicates that the parties did not enter into a stipulation tantamount to a contractual separation agreement *438 similar to the one in Martin, (supra). Upon a close reading of the transcript it is apparent that the parties, through their attorneys, merely stipulated that “ if ” and ‘ ‘ when ’ ’ the husband did leave the marital residence, it would not be deemed an abandonment. The parties did not stipulate that the husband would leave or what the rights and obligations of the parties would be if and when he did leave. Thus, the judgment and transcript when read separately or together are insufficient to constitute “some kind of formal document of separation” (Gleason v. Gleason, supra) sufficient to evidence the authenticity and reality of the separation (Harris v. Harris, supra).
The court comes to this conclusion reluctantly, fully realizing that this marriage is no longer viable, is dead and should be put to its ultimate rest. However, to allow the cause of action to stand on the facts herein would completely emasculate the provisions of the statute and would be judicial legislation. The courts have gone as far as they may go and it is now up to the Legislature to remedy the problems caused by cases such as this.
This motion is brought pursuant to CPLB. 3211 (subd. [a], par. 1). In reality it is a motion to dismiss for failure to state a cause of action (CPLB 3211, subd. [a], par. 7) and the court under the liberal provisions of the CPLB will treat it as such (CPLB 104). The motion is granted and defendant is awarded counsel fees in the sum of $150 in addition to the award of $250 made by Mr. Justice Buschmaun- on a prior motion, which was denied as premature.