Frederic E. Hammer, J.
This action was commenced by the wife for a divorce on the ground that the parties have lived apart pursuant to a judgment of separation (Domestic Relations Law, § 170, subd. [5]) and further, on the ground of cruel and inhuman treatment (Domestic Relations Law, § 170, subd. [1]). In his answer the defendant husband denies the material allegations of the complaint and requests that each of the two causes of action be dismissed for failure to state a cause of action, and that custody of the two infant issue of the parties be awarded to him.
The uncontradicted evidence establishes that the parties were married on August 9,1958 in Flushing, New York. Thereafter, plaintiff wife commenced an action against the defendant husband for a separation in Nassau County, alleging cruelty and nonsupport. On July 22, 1965 Mr. Justice Meter, Supreme Court, Nassau County, after trial, signed a judgment which dismissed the complaint in that action for failure of proof of the allegations of that complaint. That judgment did, however, contain several provisions relating to custody of the children, their support, and visitation rights of the defendant husband.
Plaintiff now contends that she is entitled to a divorce pursuant to subdivision (5) of section 170 of the Domestic Relations *66 Law, and that this judgment, and its subsequent support and visitation modifications, constitute a “decree or judgment of separation ’ ’. The defendant husband contends that the July 22,1965 judgment of Mr. Justice Meyer is not sufficient to grant the divorce decree now sought.
If the judgment of Mr. Justice Meyer can be construed as a “ decree or judgment of separation ”, plaintiff has stated a cause of action. Subdivision (5) of section 170 of the Domestic Relations Law provides that an action for a divorce will lie when: “ The husband and wife have lived apart pursuant to a decree or judgment of separation for a period of one or more years after the granting of such decree or judgment, and satisfactory proof has been submitted by the plaintiff that he or she has substantially performed all the terms and conditions of such decree or judgment.”
Is the judgment in this separation action, which dismissed the complaint and provided for many of the incidents of what in the mores of our time is a separation, such as custody, support and visitation, a “ decree or judgment of separation” within the meaning of the statute? The classic statement of legislative intent is found in Gleason v. Gleason (26 N Y 2d 28, 35) in which the Court of Appeals stated that the “no fault” ground of subdivision (5) of section 170 was enacted pursuant to á public policy that “if a reconciliation has not been effected [within the statutory period] following a judicial separation, the Legislature has concluded, and reasonably so, that the parties are irreconcilable and the marriage dead. ’ ’ The court emphasized that “ the vital and operative fact is that the parties have actually lived apart * * * pursuant to a separation decree. The only condition imposed is that the plaintiff furnish ‘ satisfactory proof ’ that all the terms and conditions of that decree have been substantially performed. The real purpose of this nonfault provision was, as noted, to sanction divorce on grounds unrelated to misconduct. The decree is simply intended as evidence of the authenticity and reality of the separation.” (emphasis supplied).
The judgment at issue should be considered in light of this statement of legislative intent. In the decision of Mr. Justice Meyer (Becker v. Becker, 46 Misc 2d 858), it was stated that plaintiff’s complaint, which sought a separation on the grounds of cruelty and nonsupport, be dismissed for failure of proof. It was shown that plaintiff voluntarily removed from the marital residence and that the allegations of cruelty were based on certain physical acts which were provoked. The judgment incor *67 porating this finding stated that “ the complaint, insofar as it seeks a separation, is dismissed.” However, plaintiff was awarded custody of the two infant issue of the marriage with provision for their support and maintenance to he paid by the defendant to the plaintiff at her residence. A complex set of visitation rights was set out providing that all of the visitation periods ‘ ‘ shall he away from the residence of plaintiff ’ ’. Defendant was directed to pay counsel fees.
This document was duly filed and entered with the County Clerk of Nassau County on July 26, 1965. Implicit and recognized throughout the judgment is that the parties were in fact living apart, consonant with plaintiff’s credible, uncontradicted testimony at this trial that they have lived apart both prior to and after this judgment, and to date.
The court therefore finds that this judgment fulfills the requirement of subdivision (5) of section 170 of the Domestic Relations Law that there be proof of some kind of formal document of separation sufficient to authenticate the fact of separation. (Gleason v. Gleason, 26 N Y 2d 28, 37, supra; Harris v. Harris, 36 A D 2d 594; Schacht v. Schacht, 32 A D 2d 201.) For the court to fail to recognize it as a “ decree or judgment of separation ” would do violence to the recognition in the statutory scheme “ that it is socially and morally undesirable to compel couples to a dead marriage to retain an illusory and deceptive status and that the best interests not only of the parties but of society itself will be furthered by enabling them ‘ to extricate themselves from a perpetual state of marital limbo ’ ”. (Gleason v. Gleason, supra, p. 35 [citations omitted].)
Defendant’s reliance on Nitschke v. Nitschke (66 Misc 2d 435) is misplaced, since the facts in that case are substantially different than those before this court. The judgment at issue there dismissed an action for an annulment and did not bear “ on the marital status of 'the parties except to state that there is a valid and subsisting marriage which was not annulled.” (Nitschke v. Nitschke, supra, p. 437). The critical factor noted by the court was that in the former action it was recognized that the parties were not separated and were ‘living under one roof ’ ”. (Nitschke v. Nitschke, supra; emphasis supplied.)
Therefore, based upon proof of plaintiff’s substantial performance of all the terms and conditions of the judgment of July 22,1965 and proof that the parties have lived apart for a period of more than one year pursuant to this judgment, plaintiff is granted a divorce.
*68 Plaintiff is entitled, on her second cause of action, to a divorce based on cruel and inhuman treatment. (Domestic Relations Law, § 170, subd. [1].) Based upon the credible testimony of the plaintiff, the court finds that the defendant has made numerous charges of infidelity, without justification, against plaintiff directly and in the presence of others. Such accusations, in the absence of a justifiable belief on the part of the defendant that the charges are true, constitute cruel and inhuman treatment. (Mante v. Mante, 34 A D 2d 134; Israel v. Israel, 54 App. Div. 408; Lowe v. Lowe, 67 Misc 2d 271; Leutloff v. Leutloff, 47 Misc 2d 458; Generous v. Generous, 197 Misc. 651.)
These recurrent accusations of infidelity, coupled with defendant’s admitted surveillance of the plaintiff, have seriously affected plaintiff’s health. (See Traylor v. Traylor, 3 A D 2d 727; Rosenberg v. Rosenberg, 28 Misc 2d 922.) The court in Avdoyan v. Avdoyan (265 App. Div. 763, 764) aptly remarked that conduct producing mental pain may be “ even more cruel and inhuman than if mere physical pain had been inflicted ”. Plaintiff’s own uncontradicted testimony as to her feelings of anxiety, fear and persecution was supported ¡at trial by the •observations of her Quaker counselor, Dr. Hilpern. Plaintiff is granted a divorce, therefore, on the second cause of action, cruel and inhuman treatment.
Accordingly, plaintiff is granted a divorce in accordance with subdivisions (1) and (5) of section 170 of the Domestic Relations Law. Defendant’s motion to dismiss the complaint is denied.
The parties are directed to schedule a convenient hearing before this court on the issues of custody, support and alimony.