Louis B. Heller, J.
Counsel for defendant has written to this court expressing the belief that the court in rendering its decision on March 19, 1974, overlooked the holdings in Stone v. Freeman (298 N. Y. 268), Big Top Stores v. Ardsley Toy Shoppe (64 Misc 2d 894), Martin v. Martin (5 A D 2d 307), Bold v. Bold (18 Misc 2d 709) and Carr v. Hoy (2 N Y 2d 185) “which deny affirmative relief under any contract which is violative of public policy of our state ”.
'Since the decision of this court, Becker v. Becker (72 Misc 2d 64), cited for the use of a dismissal decree, made in a separation action, as the “ statutory document pursuant to which the parties lived separate and apart ’ ’ has been reversed by the Appellate Division, Second Department (44 A D 2d 676). The Becker case was not necessary to this court’s conclusion and was referred to primarily for analogy of reason.
For clarity of presentation the court will revise its decision of March 19, 1974, only as it relates to the validity of the separation agreement for the purpose of plaintiff’s action.
This is a conversion divorce action based upon a separation agreement. The agreement is attacked as being illegal, 1 ‘ void on its face and a nullity, ab initio ”.
The separation agreement was entered into as a settlement of a pending separation action instituted by wife. The agreement was drafted by her attorney after negotiation and discussion between the parties and their attorneys. In substance, the agreement provided for the support of their children iti an amount considered adequate, for wife’s waiver of support because of her substantial earning capacity and for a settlement and division of their property, which yielded to wife a sum of approximately $18,000. The wife and children have benefited from the separation agreement.
The basic issue is, does the wife’s waiver of support so taint the separation agreement “ in its entirety, with illegality,” as to render it “void” and “the equivalent of no agreement” barring predication thereon of a divorce action pursuant to *591 subdivision (6) of section 170 of the Domestic Relations Law. It is to be noted that section 170 of the Domestic Relations Law provides for the “ grounds ” upon which a husband or wife may maintain an action 1 ‘ to procure a judgment divorcing the parties.” Subdivision (5) thereof spells out the minimum period of time that the parties must have lived separate and apart pursuant to a decree or judgment of separation. Subdivision (6) thereof merely substitutes for the decree or judgment “ a written agreement of separation” executed with specified formalities and filed (original or memorandum thereof) in the office of the Clerk of the county of either party’s residence.
Too great stress has been placed upon the instrument, the indicia of proof of the separation of the parties, rather than the fact of separation. It is not the decree, judgment or agreement that is the essence of the ground for divorce. They are merely documentary proof of a separation. Viewed in their proper background, they are the safeguards against a plethora of cases with agreed state of facts that backdate the parties’ actual separation and bitterly disputed claims of the date when the actual separation began.
As was stated by Chief Judge Fulb in Gleason v. Gleason (26 N Y 2d 28, 37): “ Reasonably and sensibly read, the statute, as a whole, points the construction that all that has to be proved is that there is some kind of formal document of separation ”.
Thus, if the provision for waiver of support does not so taint the agreement with illegality as to bar any suit thereon, then it must be accepted as the ‘1 formal document of separation ’ ’. Neither section 5-311 of the General Obligations Law nor its predecessor, section 51 of the Domestic Relations Law, declares any agreement to be illegal if it “ relieve [s] the husband from his liability to support his wife ”. Both statutes merely declare that the nonsupport provision in the agreement is interdicted and void, but no reference is made to the validity of the agreement itself. Hence, if the entire agreement deals merely with the parties’ separation and the nonsupport of the gainfully employed or employable spouse, then there is nothing left to give the agreement life. However, where there are' other provisions in the agreement, such as support of children, rights of inheritance, insurance, and other benefits which, in good conscience must be preserved, that agreement survives the elimination of the nonsupport provision, and is enforced against a husband (see Ferro v. Bologna, 31 N Y 2d 30). The agreement being deemed viable and valid as to the other provisions, it should then be considered enforceable in all of its other cate *592 gories. Thus, the agreement should be construed to comply with the statutory requirement of a “ formal document of separation
■The rationale of the authorities cited by defendant is that a person may not plead or prove his cause on the proscribed provision, nor seek the aid of the court in furthering or establishing and benefiting from his illegal purpose. For the purposes of this motion, the court will consider the separation agreement as one that was solicited to attain wife’s- goal of settling her .separation action, obtaining support for her children, an equitable division of marital property and a right to live separate and apart from husband without fear of molestation or interference. Wife and children would not hesitate to enforce the beneficial provisions of the agreement enuring to them. It is indeed an anomalous situation where an over-all agreement, not malum in se, may be declared valid by the court in all respects other than the provision of nonsupport and then declare the agreement not to be a separation agreement for use as a “ formal document ’ ’ upon which a divorce action may be predicated. In effect the court would be assessing a double penalty against husband for being a party to an agreement exacted by wife. To dismiss plaintiff’s complaint is to broadly declare as a matter of law that wife, and wife alone, may benefit from a separation agreement containing one void provision. The husband may only be the victim, barred from enforcing the unrelated rights that can accord with statute to terminate a dead marriage.
It is not for this court on a motion questioning the sufficiency and merit of a complaint to determine all of the surrounding circumstances, purposes and motives of the contracting parties that existed at the time of the entry into the separation agreement. All inferences that may possibly be drawn in favor of a cause of action upon the facts as alleged must be drawn in the pleader’s favor. A disputed state of facts does not lend itself for summary disposition.
Accordingly, this court holds that only at a trial of this action can the sufficiency and merit of the complaint be determined as a matter of law and whether the separation agreement is per se so violative of public policy as to bar its being used as the “ formal document of separation ”.
The court considers defendant’s letter as a motion for leave to reargue limited only to the merit of plaintiff’s cause of action. Leave is granted and on reargument the original decision is adhered to.