In the Matter of the Claim of MARY GUGLIOTTO et al., Respondents, against CITY OF NEW YORK, Appellant.— In a proceeding under section 50-e of the General Municipal Law for leave to serve a notice of claim after the expiration of the time prescribed by such statute, the City of New York appeals from an order of the Supreme Court, Kings County, entered September 23, 1959, granting petitioners' application. Order reversed on the law and the facts, with costs, and application denied, without costs. The moving papers disclose that the failure to serve a notice of claim within the 90-day period prescribed by the statute was not occasioned by the physical or mental incapacity of the petitioners but was due rather to the fact that their attorney had been misinformed as to the date of the accident. Beldock, Acting P. J., Ughetta, Christ and Brennan, JJ., concur; Pette, J., dissents and votes to affirm the order, with the following memorandum: The papers on appeal undisputedly indicate that the petitioners did actually serve a notice of claim two days after the 90-day period following the personal injuries sustained by the petitioner wife. This proceeding, therefore, is not one in which a total omission of statutory compliance is to be appraised. It further undisputedly appears that the petitioner wife is an elderly lady who neither reads, writes nor understands the English language, and that there was a difficulty of communication between her and counsel who first interviewed her on May 11, 1959. On May 11, 1959 the petitioner wife, still beset by pain, conveyed the impression that her injuries occurred on March 8, 1959, though the actual date was March 3, 1959. On the basis of the mistaken March 8th date the notice filed would have been timely. The statutory orbit of discretion permits a late filing where the claimant is, inter alia, "mentally or physically incapacitated and by reason of such disability fails to serve a notice within the time specified" (General Municipal Law, § 50-e, subd. 5). The papers herein contain an undisputed sworn statement by the physician of the petitioner wife, that as of the date of her interview with counsel it was reasonable to conclude that the composite of her advanced age and severe pain rendered her disoriented and confused, and made her unable, in his opinion, to state accurately the date of the accident, even if no language barrier had existed. It further appears without dispute that there was no police blotter report of the accident to which counsel could refer for verification of the date of injury, although counsel sought to find one; and that, though counsel immediately after the May 11 interview sent for a copy of the hospital record, it was not received until after the notice of claim was filed. Under the circumstances disclosed, it is my opinion that there is a sufficient showing of petitioner wife's mental and physical incapacity and that the statutory discretion exercised by the Special Term should not be disturbed, especially in the situation at bar where claimant's counsel proceeded with celerity and where no claim of prejudice is advanced by the city. (Cf. Matter of Rosenberg v. City of New York, 309 N. Y. 304.)

In the Matter of the Construction of the Will of MARY DUBERSTEIN, Deceased. JUDITH S. KARNES et al., Appellants; DEBORAH WILLIAMS et al., Respondents.— In a proceeding to construe a will, the petitioners appeal from a decree of the Surrogate's Court, Kings County, dated July 31, 1959, which holds that the entire residuary estate was given to the five legatees named in the residuary clause of the will and that petitioners (the issue of testatrix' child who died before the will was executed) did not acquire any interest in the residuary estate. Decree affirmed, with costs to all parties filing briefs, payable out of the estate. No opinion. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.