Nathaniel T. Helman, J.
In this separation action, plaintiff husband seeks leave to amend his complaint to include a cause of action for divorce pursuant to section 170 of the Domestic Relations Law to amend his present separation complaint to include acts of misconduct occurring subsequent to the commencement of the action, and further, that he be relieved from complying with the provisions of section 215 of the Domestic Relations Law (conciliation proceedings) on the ground that such provisions are violative of his constitutional rights.
No prior attack on the constitutionality of the conciliation provisions of the new statute has been called to the attention of the court, particularly where relief by way of amendment of pleadings is sought. In Saunders v. Saunders (54 Misc 2d 1081, 1082) my learned colleague, Justice Heller, denied such an application to amend where movant sought relief ‘ ‘ on condition * * * that she be not compelled to proceed to conciliation ’ ’, holding, in substance, that plaintiff may not accept one portion of the statute and reject another.
Here plaintiff recognizes the mandatory requirements of the statute, but questions its validity on the grounds (1) that section 215-c (subd. b, par. [2]) in its reference to the right of the parties to secure a certificate of no necessity for conference upon ‘ ‘ good cause shown ’ ’, establishes no standards for good cause, (2) no right of judicial review of the determination of the Conciliation Commissioner is provided for, (3) subdivision e of section 215-d in its proviso for an order by the Supervisory Justice directing the parties to conciliate, is vague and indefinite, and may, in effect, force plaintiff to continue residing with his spouse against his will, (4) section 215-e, in its references to alimony and support, precludes a judicial review of any determination made by the Commissioner or Justice.
I find no force to these contentions. The functions of the Commissioner are clearly set forth in section 215-c and its subdivisions, and embrace the interests of minors, custody problems, support, medical care, the “ continuation of the marriage ” *606 and “ any other problem concerning the overall well being of the children ’ Inability to mediate differences and disputes in any of these areas may well provide the Commissioner with “ good cause ” for requesting a certificate of no necessity.
Omission of specific provisions for further judicial review is not to be construed as a denial of such right to review the orders of the court, since established procedures under separate statutes provide ample remedy to the dissatisfied litigant. Nor is the procedure prescribed in subdivision e of section 215-d vague or indefinite. A vast number of reasons, preferably undisclosed, may satisfy the Commissioner of the advisability of conciliation, and failure to specify these in the statute may well be the exercise of legislative wisdom. Inherent in the new statutory structure is a recognition of the broad discretion required in dealing with the sensitivities of litigants whose domestic future is involved.
In all, I can find little difference between this form of conciliation and the pretrial conferences, disclosures, and discovery proceedings which have become an inherent part of our trial structure in general litigation. Courts should extend themselves to validate rather than annul legislative efforts to modernize existing statutes, particularly when the health, morals, and welfare of our citizens are concerned. I find that the new provisions do not violate any of the constitutional rights of the plaintiff.
In denying plaintiff’s request for leave to amend to include an action for divorce, the court does not base its decision on plaintiff’s obvious disinclination to conciliate. The separation action is approaching trial, and plaintiff has already served a summons in a divorce action. Serious questions involving custody of the five children of the parties, ranging in age from 2 to 13 years, and their support and maintenance, impel the court in their interest, not to delay the trial. (Landsman v. Landsmans, 278 App. Div. 214.) The present action was commenced 16 months ago, and a previous application to discontinue same in order to institute a divorce action has already been denied. The case has been on the Ready Calendar five times, and should be disposed of.
Defendant will not be seriously prejudiced, however, by an amendment of plaintiff’s complaint to include additional allegations of misconduct occurring subsequent to the commencement of the action, and to this extent the application will be granted. In all other respects, the motion is denied.