■ In the Matter of THERESA BAUER et al., Respondents, v. CITY OF NEW YORK et al., Appellants.— In a proceeding pursuant to subdivision 5 of section 50-e of the General Municipal Law for leave to serve a notice of claim, the appeals are, as limited by appellants' notice of appeal and their brief, from portions of two orders of the Supreme Court, Queens County, dated September 26, 1968 and December 6, 1968, respectively, namely, from so much of the first order as granted the application as to the infant claimant, Theresa Bauer, and from so much of the second order as, on appellants' motion for reargument, adhered to the original decision. Appeal from order dated September 26, 1968, dismissed, without costs, as academic. That order was superseded by the order dated December 6, 1968. Order dated December 6, 1968 reversed insofar as appealed from, on the law and the facts, without costs, and appli-

cation denied as to the infant claimant, Theresa Bauer, as well as to the adult claimant. In our opinion, the infant claimant, Theresa Bauer, did not prove that her failure to serve the required notice within the statutory period was caused by a mental or physical incapacity. Though Special Term impilicitly recognized that lack of proof, it nevertheless granted her application because appellants learned of her injury at the time it occurred, were able to investigate the accident and, hence, were not prejudiced by her failure to serve the notice. Knowledge by and lack of prejudice to appellants do not constitute a sufficient basis for the granting of relief pursuant to subdivision 5 of section 50-e of the General Municipal Law in the absence of proof that infancy or mental or physical incapacity caused the claimant's failure to serve the notice of claim within the statutory period. Beldock, P. J., Christ, Munder, Martuscello and Kleinfeld, JJ., concur.