J. Robebt Lynch, J.
The petitioner is a custodian bus driver for the respondent school board. In February, 1973 he was disciplined by a four-day suspension and by being deprived of a bus-driving trip. In May he was disciplined by a two-week suspension. He seeks now, under CPLR article 78, to review those disciplinary actions, claiming that they were arbitrary and capricious in that they deprived him of his rights under section 75 of the Civil Service Law, which provides that proposed disciplinary action shall be preceded by written notice to the employee of the charges against him; that he shall have eight days to answer the charges; and that a hearing shall be had.
The respondent school board justifies its method of handling the disciplinary action by pointing to its contract with the petitioner which was negotiated by the latter’s employee organization. This provides that an employee, dissatisfied with an employer’s decision affecting his employment, may file a grievance and thus obtain a hearing as to the fairness or reasonableness of the decision. Although subjection to discipline is a condition of his employment (Board of Educ. Union Free School Dist. No. 3, Town of Huntington v. Associated Teachers of Huntington, 30 N Y 2d 122), the petitioner has on none of these disciplinary occasions filed a grievance.
Subdivision 4 of section 76 of the Civil Service Law provides that the rights granted by section 75 may be “ supplemented, modified ór replaced ’ ’ by negotiated agreements. The respondent argues that the petitioner’s rights under the Civil Service Law have been supplanted by Ms agreement to use the grievance procedure of his employment contract. The petitioner argues that he has a choice; that he may file a grievance to obtain a hearing under his contract or that he may rely on having a hearing prior to discipline under the Civil Service Law.
Only if the two procedures can be interpreted to work cooperatively in some fashion can it be held that the contractural procedure supplements or modifies the Civil Service Law procedure. If the latter is contradicted, or at odds, with the former, the contract must be deemed a replacement.
*66 It is an obvious legislative intention that the employee shall have some right to a hearing and that in the absence of any other right, his remedy shall be under section 75. That section casts the initiatory burden on the employer — it must give notice to the employee that it proposes a disciplinary action, and it is this notice that sets the hearing procedure in motion. The employment contract recognizes the employee’s right to discipline for “ behavior which is not acceptable ”. If the employer disciplines and the employee feels aggrieved, the contract casts the burden upon the employee to initiaté the hearing procedure by filing a grievance.
At their very outset, the procedures are contradictory, and hence the contract must be construed to be a replacement for the provisions of the Civil Service Law.
We note also that the disciplinary action of February is beyond the reach of this court because relief was not sought within four months of the conduct complained of. (See CPLR 217.)
The motion must be denied.