Theodore Velsob, J.
In this action for a ‘ ‘ conversion ’ ’ divorce initiated pursuant to subdivision (5) of section 170 of *466 the Domestic Relations Law, the defendant wife moves to dismiss the complaint for insufficiency as authorized by CPLR 3211 (subd. [a], par. 7).
The underlying judgment, dated October 28, 1969, was in a separation action previously brought by the plaintiff against the wife and contained, among others, the following decretal paragraphs:
" Ordered and Adjudged, that the plaintiff’s complaint herein be and the same hereby is dismissed on the merits; and it is further
‘ ‘ Ordered and Adjudged, that the custody of the parties ’ infant son, Morey Liebling, be and the same is hereby awarded to defendant and the plaintiff shall be entitled to reasonable rights of visitation with said infant, away from the home in which the said infant resides with defendant, upon reasonable notice to the defendant; and it is further
" Ordered and Adjudged, that the defendant be and she hereby is awarded the exclusive use and occupancy of the marital home owned by the parties as tenants by the entirety, located at 70 Emerson Drive, Great Neck, New York; and it is further ”.
The principal question to be determined on this application is whether the factual allegations contained in paragraphs of the complaint numbered4 ” through “ 7 ” bring the instant action within the ambit of subdivision (5) of section 170 of the Domestic Relations Law. The paragraphs of the complaint above referred to read as follows :
" 4. On or about the 28th day of October, 1969, a judgment was made and entered by the Supreme Court of the State of New York dismissing plaintiff’s complaint for a separation and awarding alimony to, and exclusive use and occupancy of the marital home of the parties to the defendant.
" 5. No Court of competent jurisdiction has by any decree dissolved said marriage of the plaintiff with said defendant..
" 6. Since the entry of the judgment, plaintiff and defendant have lived apart for a period of over one year, to wit: from on or about the 1st day of July, 1969 to the present tipie.
" 7. The plaintiff has duly performed all the terms and conditions of said judgment.”
The cited section of the Domestic Relations Law reads in part: £ ‘ § 170. Action for divorce. An action for divorce may be maintained by a husband or wife to procure a judgment divorcing the parties and dissolving the marriage on any of the following grounds * * * (5) The husband and wife have *467 lived apart pursuant to a decree or judgment of separation for a period of one or more years after the granting of such decree or judgment, and satisfactory proof has been submitted by the plaintiff that he or she has substantially performed all the terms and conditions of such decree or judgment. ’ ’
In examining the judgment under consideration, the dichotomy between the dismissal of the complaint and the award of exclusive possession and visitation provisions requires analysis. There is no doubt that had the judgment concerned itself with the dismissal of the complaint, absent any written consensual arrangement, any subsequent living apart would not be encompassed in the statutory phraseology requiring it to be “ pursuant to a decree or judgment of separation. ’ ’
However, this judgment went further. While dismissing the complaint, it contained a direction which mandated living apart. It is contended by plaintiff that the subsequent living separate and apart was, therefore, pursuant to a judgment, and laid the groundwork for the institution of this action with judicial sanction.
It is a fundamental principle of law that the right to a divorce is purely statutory and ‘ ‘ the domestic relations of husband and wife . . . were matters reserved to the States, ’ Popovici v. Agler, 280 U. S. 379, 383-84 ” (Williams v. North Carolina, 325 U. S. 226, 233) which can be limited, abolished or created as the State determines (cf. Gleason v. Gleason, 26 N Y 2d 28, 41-42).
Whether desirable or not, the visible chaos in the disparity between the States is vividly apparent in their respective statutory treatment of the right to dissolve a marriage. In this State, the grounds for a divorce are set forth in section 170 of the Domestic Relations Law, and constitute six separate categories upon which a decree or judgment of a divorce may be based. No other grounds may be entertained regardless of their worth or desirability (cf. Rios v. Rios, 34 A D 2d 325, affd. 29 NY 2d 840).
The question raised by the apparent conflict in the judgment must be considered in the frame of reference provided by the Legislature in enacting section 170 of the Domestic Relations Law. If none of the grounds therein delineated are provided, then the action must fail. To subvert the plain intendment of the statute should be avoided (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 231). As the court stated in the recent case of Zachary v. Macy & Co. (39 A D 2d 116, 119, app. dsmd. in part, revd. in part on other grounds 31 N Y 2d 443): “ The statute is clear and unambiguous and we are bound to construe *468 and -apply it according to its terms. ‘ It is a cardinal principle to be observed in construing legislation that the court should neither limit nor extend its plain language and that, whenever practicable, “ effect must be given to all the language employed ” ’ (Cohen v. Boyland, 1 N Y 2d 8, 14). Resort is to be had first to the words and language of the statute to determine its construction and application and ‘ it is not allowable to interpret what has no need of interpretation, and when the words have a definite and precise meaning, to go elsewhere in search of conjecture in order to restrict or extend the meaning.’ (Meltzer v. Koenigsberg, 302 N. Y. 523, 525).”
In the context of the foregoing comment, to take the position that the provision of the judgment awarding the defendant exclusive possession of the marital home was a judicial separation is to do violence to the limitations imposed by the Legislature and to provide a seventh ground for a divorce which might even include, if the analogy be permitted, an order of protection by the Family Court, which provides that the husband keep away from the marital domicile. In other words, the decretal provision in the judgment which controls the right to convert a separation into a divorce under subdivision (5) of section 170 of the Domestic Relations Law cannot deny the -separation. Ancillary provisions do not override the effect of denying the main relief sought.
Perhaps the inconsistency is the fault of the Legislature. If so, it should be .corrected there, rather than through a judicial construction which would do violence to the central pivot -of the judgment, providing for the denial of the separation.
This court is mindful of the determination of a co-ordinate tribunal (see Becker v. Becker, 75 Misc 2d 64) where a contrary result was reached. In reaching its conclusion in Becker (supra) the court placed great reliance upon the recent case of Gleason v. Gleason (26 N Y 2d 28) particularly with the philosophical concept of the application of the new divorce law to a “ dead marriage.” I have no quarrel with the intention evidenced by the Legislature in adopting the concept of ‘ no fault ’ ’ as that theory is embraced in the language of subdivision (5) of section 170 of the Domestic Relations Law. What I object to is putting the label of a judicially approved separation on a judgment which primarily denies such relief, but, as an ancillary appendage for the sake of the safety of one of the spouses, proscribes an offending party from continuing his objectionable conduct. Imprisonment for one year pursuant to a sentence is also a judicially decreed separation, but it is not one which can *469 be made the basis for a so-called ‘' conversion decree.” (Of. Domestic Relations Law,. § 200, subd. 5.) Particularly is this comparison apropos in the context of the main clause denying a separation.
Accordingly, the motion to dismiss the complaint is granted.