■ MARY A. BECKER, Respondent, v. AUGUST W. BECKER, Appellant.— Appeal by defendant from so much of a judgment of the Supreme Court, Queens County, dated January 12, 1973, as granted plaintiff (1) a divorce, after a nonjury trial, on the grounds of (a) the parties having lived apart for at least a year after the granting of a judgment in 1965 in a separation action (that judgment actually dismissed the complaint in that action) and (b) cruel and inhuman treatment, (2) custody of the parties' two minor children, with permission for her to establish a permanent residence for the children anywhere within the State of New York, and (3) alimony and a counsel fee. Judgment modified, on the law, by striking from the first decretal paragraph thereof the following: "and the plaintiff and defendant having lived apart after the granting of a judgment of separation for a period of one or more years." As so modified, judgment affirmed insofar as appealed from, with costs to plaintiff. Although we cannot agree with Special Term's finding that the underlying 1965 judgment, which specifically denied a separation decree while awarding custody, support and visitation, can be construed to satisfy the clear requirement of subdivision (5) of section 170 of the Domestic Relations Law that nothing less than a judicial decree of separation be the antecedent of a divorce decree under that subdivision, we nevertheless find, on the basis of the uncontroverted testimony, that cruel and inhuman treatment by defendant

has been sufficiently demonstrated to satisfy the requirement of subdivision (1) of that statute. Hopkins, Acting P. J., Brennan and Munder, JJ., concur; Cohalan, J., dissents and votes to reverse the judgment insofar as appealed from, and to dismiss the complaint, with the following memorandum, in which Christ, J., concurs: Although I agree that the divorce cannot be granted on no-fault grounds, I would nevertheless not grant it on the remaining ground. The cruel and inhuman treatment complained of consisted of various acts of surveillance of plaintiff's activities by defendant and confrontations accompanied by accusations of infidelity. On some of the occasions in question, plaintiff was found in the company of other men and on one occasion admittedly embracing a man in a parked car. In my opinion, such conduct was sufficient to demonstrate that defendant had a reasonable basis for his suspicion of infidelity (see Haghani v. Haghani, 40 A D 2d 825). [72 Misc 2d 64.]