James H. Boomer, J.
Plaintiff husband sues for divorce alleging that he has lived separate and apart from his wife for a period of one year pursuant to a court order ‘ ‘ which said Order and Judgment consists of an Agreement and/or Decree of Separation.” Defendant moves for summary judgment on the ground that the order referred to was not a decree of separation within the meaning of subdivision (5) of section 170 of the Domestic Relations Law, nor was it a written separation agreement within the meaning of subdivision (6) of that section."
The order and judgment referred to in the complaint was made in an action brought by the husband against the wife for a divorce. In that action the court denied the divorce and ordered the husband to make the mortgage payments and pay the taxes due upon the marital residence. I conclude that this order and judgment was neither a “ decree or judgment of separation ” (Domestic Relations Law, § 170, subd. [5]), nor a “written agreement of separation” (Domestic Relations Law, § 170, subd. [6]), and I, therefore, grant summary judgment dismissing the complaint.
Plaintiff, in opposition to the motion, relies upon Becker v. Becker (72 Misc 2d 64, 67). There, the judgment in a separation action dismissed the complaint and provided for custody and support for the children and support for the wife, and the court held that the judgment was equivalent to a “ decree or judgment of separation ” within the meaning of subdivision (5) of section 170 of the Domestic Relations Law.
The case of Nitschke v. Nitschke (66 Misc 2d 435) states the rationale for the liberality shown by some of the courts in interpretating the statutory phrase ‘ ‘ judgment or decree of separation.” That liberality stems from following language used by the Court of Appeals in its opinion Gleason v. Gleason (26 N Y 2d 28, 37): “Reasonably and sensibly read, the statute, as a whole, points the construction that all that has to be proved is that there is some kind of formal document of separation — in this case, a judicial" decree — that the plaintiff has complied with its terms and that the parties have lived apart pursuant to the decree for two years after September 1, 1966. The function of the decree, as we have already noted, is merely to authenticate the fact of separation.” That language together with the statement (at page 35 of the opinion), to the effect that: “If a reconciliation has not been effected; *209 within two years following a judicial separation, the Legislature has concluded, and reasonably so, that the parties are irreconcilable and the marriage dead ’ ’, has in my opinion led, in some instances, to interpretations of the statute that go beyond the plain meaning of the words employed by the Legislature.
The court in Gleason v. Gleason was not passing upon the type of judgment necessary to form the basis for a no-fault divorce. The court there merely held that the statute could be applied to grant no-fault divorces based upon separation decrees that antedated the effective date of the statute. Neither the Court of Appeals nor the Legislature intended that a no-fault divorce could be based upon any kind of formal document of separation. The Legislature specified the particular hinds of formal documents required; either “ a decree or judgment of separation” (Domestic Relations Law, § 170, subd. [5]), or “a written agreement of separation, subscribed by the parties thereto and acknowledged or proved in the form required to entitle a deed to be recorded ” (Domestic Relations Law, § 170, subd. [6]). And the Court of Appeals has recently said: “ Gleason v. Gleason (26 N Y 2d 28) expressed the policy favoring judicial termination of “ dead” marriages, based on the statute. No-fault divorce applies only where there is a previous decree of separation or a written separation agreement, as required by the statute.” (Shine v. Shine, 31 N Y 2d 113, 116.) (Emphasis supplied.)
The term decree or judgment of separation has a clear meaning in New York State. An action for separation may be maintained only upon stated grounds (Domestic Relations Law, § 200), and a judgment of separation may not be granted “ without satisfactory proof of the grounds therefor.” (Domestic Relations Law, § 211; see, also, former § 201.) While a New York State no-fault divorce may be based upon a decree of separation, however denominated, of another State, that decree should be similar to a New York judgment of separation (see Harris v. Harris, 36 A D 2d 594).
Here, as in Nitschke v. Nitschke (66 Misc 2d 435, 437-438, supra), “ The judgment in its recital and decretal paragraphs in no way bears on the marital status of the parties except to state that there is a valid and subsisting marriage which was not annulled.” and “ To allow the cause of action to stand on the facts herein would completely emasculate the provisions of the statute and would be judicial legislation.” As a ground for divorce under subdivision (5) of section 170 *210 of the Domestic Relations Law, the Legislature has required that there be a prior decree or judgment of separation. It is unreasonable to hold that the Legislature intended that a divorce may be granted under that subdivision where the prior judgment denied the separation; it is just as unreasonable to hold that it intended that a divorce may be granted where the prior action resulted not in a judgment of separation, but in a judgment denying a divorce.
Summary judgment is granted dismissing the complaint for divorce and counsel fees are awarded to the defendant in the amount of $300.
Should the defendant seek support greater than that provided in the prior judgment denying the divorce, she may move in that action to modify the judgment.