■ JOSE A. TORRES et al., Respondents, v CITY OF NEW YORK, Appellant, et al., Defendants.—In a proceeding pursuant to subdivision 5 of section 50-e of the General Municipal Law for leave to serve a late notice of claim against defendant City of New York, the city appeals from an order of the Supreme Court, Kings County, dated November 13, 1974, which granted the application. Order reversed, without costs, and motion denied. None of plaintiffs' claimed disabilities are of the type necessary to permit late service of a notice of claim under subdivision 5 of section 50-e of the General Municipal Law *(Matter of O'Neil v Manhattan & Bronx Surface Tr. Operating Auth.,* 23 AD2d 488). Plaintiff Mrs. Torres' inability to speak English and the city's knowledge of the potential claim are only factors which encourage an exercise of discretion to permit late service if one of the disabilities specified in subdivision 5 of the statute is also present (see, e.g., *Matter of Bauer v City of New York,* 33 AD2d 784; *Matter of Gugliotto v City of New York,* 10 AD2d 986, affd 9 NY2d 738). We do not pass upon the sufficiency of the notice of claim served in March, 1974 insofar as it pertains to the claim of malicious prosecution. Martuscello, Acting P. J., Cohalan, Christ, Munder and Shapiro, JJ., concur.

■ TOWN OF BLOOMING GROVE, Respondent, v VELIA MAYER, Individually and as Executrix of WILLIAM O. MAYER, Deceased, Appellant.—In an action for injunctive relief, defendant appeals from a judgment of the Supreme Court, Orange County, dated August 20, 1975, in favor of plaintiff upon a decision granting plaintiff summary judgment after a hearing. Judgment affirmed, with costs, on the opinion of Mr. Justice O'Gorman dated May 13, 1975. Rabin, Acting P. J., Latham, Cohalan, Margett and Brennan, JJ., concur.

■ UNDERPINNING & FOUNDATION Co. INC., Respondent, v CONTINENTAL CASUALTY Co., Appellant.—In an action upon a liability insurance policy, defendant appeals from a judgment of the Supreme Court, Queens County, dated September 19, 1974, in favor of plaintiff, after a nonjury trial. Judgment affirmed, with costs, on the opinion at Trial Term. Rabin, Acting P. J., Martuscello, Latham, Margett and Munder, JJ., concur.

■ SIDNEY WECHTER, Respondent, v FLORENCE WECHTER, Appellant.— In an action for divorce, defendant appeals from an order of the Supreme Court, Kings County, entered April 25, 1975, which denied her motion to dismiss the complaint for failure to state a cause of action. Order reversed, with $50 costs and disbursements, and motion granted. Nothing less than a judicial judgment of separation can be the basis for a divorce under the clear requirements of subdivision (5) of section 170 of the Domestic Relations Law *(Becker v Becker,* 44 AD2d 676). Therefore, the mutual order of protection issued by the Family Court simultaneously with an order of support may not be the basis for a divorce. Any expansion of the no-fault grounds for divorce must be left to the Legislature. Martuscello, Acting P. J., Cohalan, Christ, Munder and Shapiro, JJ., concur. [81 Misc 2d 821.]