Harry T. Nusbaum, J.
The issues presented in this action for a conversion divorce under the provisions of subdivision (5) of section 170 of the Domestic Relations Law arise out of a prior action for divorce between the same parties. More specifically, the questions presented require a determination of the meaning, import, validity and effect of the judgment denying the divorce sought by the husband against his wife in that action.
The prior suit instituted in 1972 pursuant to the provisions of subdivision (1) of section 170 of the Domestic Relations Law, alleged acts of cruel and inhuman treatment, which according to the "findings of fact” signed by Mr. Justice Greenfield, were not sustained by the proof. It would appear, however, that Justice Greenfield was aware of the fact that the marriage in issue was no longer a viable partnership for after fixing custody, alimony, and support, he added the following significant language to the "judgment of dismissal”: "and it is further ordered, adjudged and decreed that the plaintiff and the defendant may lawfully live separate and apart from the other, free from interference, authority or control, directly or *981 indirectly by the other, and neither party shall molest or otherwise interfere with the life of the other.”
In the case at bar, the action for the conversion divorce decree sought by the plaintiff is based upon the above-quoted decretal paragraph and the provisions of subdivision (5) of section 170 of the Domestic Relations Law, which reads as follows: “(5) The husband and wife have lived apart pursuant to a decree or judgment of separation for a period of one or more years after the granting of such decree or judgment, and satisfactory proof has been submitted by the plaintiff that he or she has substantially performed all the terms and conditions of such decree or judgment.”
The questions posed are these: (1) Did Justice Greenfield have the power or authority to make or grant a judgment of separation in the original action upon the pleadings and proof presented? (2) If Justice Greenfield had the authority, is the judgment signed by him a judgment, or decree of separation, within the meaning of this section?
With respect to the first issue, the defendant maintains that Justice Greenfield had no jurisdiction over the subject matter of a separation action and, therefore, had no authority to grant a separation. The plaintiff’s pleadings contain no prayer for such relief and defendant had withdrawn her counterclaim for separation before the action came to trial. I am of a different opinion.
CPLR 3017 (subd [a]) reads in pertinent part as follows: “Except as provided in section 3215, the court may grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded, imposing such terms as may be just.” (The exception provided in CPLR 3215 is not here applicable.) Adhering to, and interpreting, the legislative intent, the Appellate Division recently ruled in the case of Medokowich v Medokowich (48 AD2d 8) that the trial court had the power to determine the title to marital property despite the fact that no relief with respect to the marital property was sought in either the complaint or counterclaim, both of which sought divorces and despite the denial of a divorce to either party. In the recent case of Ungewitter v Toch (31 AD2d 583, affd 26 NY2d 687) the Appellate Division affirmed the trial court’s granting of a money judgment in an action brought for the equitable relief of rescission and stated, “Clearly under the CPLR, the choice of available relief lies with the sound judgment and discretion of the trial court *982 (CPLR 3017 and revision notes thereto; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3017.06).” To the same effect is the language found in Abreu v Abreu (46 Misc 2d 942, 946), "If the court has jurisdiction to grant relief, it may grant any type of relief within its jurisdiction appropriate to the proof, whether or not demanded and even though the pleader has asked for relief to which he is not entitled”.
More general in nature, but clearly in point, is the language used by Justice Helman in discussing the Domestic Relations Law in the case of Ferguson v Ferguson (55 Misc 2d 604, 606): "Inherent in the new statutory structure is a recognition of the broad discretion required in dealing with the sensitivities of litigants whose domestic future is involved.”
I find from a reading of these cases that there is a slow but steady awakening, an increasing awareness in our courts of their responsibility to deliver efficient and equitable justice unimpeded as far as possible by technicalities in pleading and practice. To me at least, this is a welcome trend which may serve to dissipate the distrust with which the public now views our Bar and the judicial system in general. I, accordingly, find that the granting of a separation decree in the action pending before him was within the discretionary authority possessed by Justice Greenfield.
Having concluded that his authority to make the decree was available, does the language contained in the prior judgment have the force and effect of a judgment or decree of separation, which would permit the present action to lie? I am of the opinion that it does.
On this issue, the defendant has submitted formidable authority which at first glance would appear to bar any finding which would give the judgment in question the force and effect relied upon and contended for by the plaintiff. I find, however, that the cases cited can be, and are, distinguishable from the case at bar.
The cases relied upon by the defendant are Liebling v Liebling (76 Misc 2d 465); Peck v Peck (78 Misc 2d 207); Becker v Becker (44 AD2d 676) and Wechter v Wechter (50 AD2d 826). In the Liebling and Becker cases, the original actions were specifically brought for separations which were denied. It, therefore, could not be held that these judgments, which dismissed the complaints brought for separation, could form the basis for actions brought a year later for conversion divorces on the ground that the parties had been living *983 separate and apart pursuant to a judgment of separation, when, in fact, such a decree had been specifically denied to them. In the Peck case (supra) the court dismissed the complaint for a conversion divorce brought pursuant to provisions of subdivision (5) of section 170 of the Domestic Relations Law. It found that the decree entered in the prior action for divorce, which denied the divorce, but merely ordered the husband to make mortgage payments and to pay taxes on the marital residence, was not a decree or judgment of separation as it in no way determined the marital status of the parties.
I do not find it difficult to agree with the results reached in the cited cases, but I am of the opinion that the case at bar presents a unique situation which actually brings it within the terse language found in Wechter v Wechter (supra). In that case, which sought a conversion divorce based upon the parties living apart, pursuant to an order of protection issued by the Family Court, the Appellate Division said "Nothing less than a judicial judgment of separation can be the basis for a divorce under the clear requirements of subdivision (5) of section 170 of the Domestic Relations Law”.
I find from a careful reading of the "findings of fact,” the "judgment of dismissal” entered in the 1972 action and all the facts and circumstances adduced during the trial before me that Justice Greenfield did in substance and in fact, make and enter a judgment of separation in that matter.
If we value substance over form and intend to carry out the public policy of the State enunciated so clearly in Gleason v Gleason (26 NY2d 28, 35) no other conclusion can be reached. In the Gleason case, Chief Judge Fuld in his discussion of the provisions of the Domestic Relations Law here in issue stated: "Implicit in the statutory scheme is the legislative recognition that it is socially and morally undesirable to compel couples to a dead marriage to retain an illusory and deceptive status and that the best interests not only of the parties but of society itself will be furthered by enabling them 'to extricate themselves from a perpetual state of marital limbo.’ (Adelman v. Adelman, 58 Misc 2d 803, 805.)” This much quoted paragraph in Judge Fuld’s opinion is not only persuasive but to my mind almost controlling of any determination to be made in the case at bar.
The findings, conclusions and judgment signed by Mr. Justice Greenfield were meticulous in detail setting forth a complete disposition of all the marital and property rights of *984 both parties. To the "findings of fact”, Justice Greenfield added the following language which was unnecessary to the "judgment of dismissal”, "3a. That on or about March 1, 1972, the plaintiff left the marital residence at 435 East 70th Street, New York City, New York, and moved to 430 East 61st Street, New York City, New York, where he now resides.” This finding gave Justice Greenfield a basis for granting a judgment of separation to the defendant wife under the provisions of subdivision (2) of section 200 of the Domestic Relations Law.
This language, when read in conjunction with the decretal paragraph first above quoted, which was added to the judgment entered in the prior action leads inexorably to the conclusion that the decree entered in the first action was, in substance, a decree or judgment of separation within the meaning of subdivision (5) of section 170 of the Domestic Relations Law. No other finding is reasonable or plausible. I observed both parties who testified at length before me at the trial. I quickly became aware of Mrs. Wang’s determination to thwart her husband’s quest for divorce at any cost, without any consideration or desire for reconciliation or the preservation of the marriage. I have also been made aware of the defendant’s institution of an action for divorce in Massachusetts, where she now resides. It is obvious to me, now, as it must have been to Justice Greenfield that this matrimonial partnership is completely moribund, cannot be revived and what is more important, there is no desire in either of the parties for its continued existence. The children are grown and have flown the nest. There is no public necessity for the continuation of this marriage. On the contrary, the public policy of the State, as indicated above, mandates the dissolution of this marriage.
Additional evidence is required to enable this court to make proper findings and rulings on the questions of alimony, support for the daughter attending Michigan University and the disposition of the house in Belmont, Massachusetts. In the interim, therefore, the provisions of Justice Greenfield's findings and judgment shall remain in full force and effect with one exception. The payments required to be made for the daughter’s support who is now 19 years old may be made directly to her except during the time she is residing with her mother. A further hearing will be held to dispose of the other above-mentioned issues. Counsel fees of the attorney for the defendant are fixed in the additional sum of $2,500 and *985 judgment is granted to the defendant on her counterclaim in the sum of $1,000 for attorney’s fees previously advanced plus interest from June 24, 1974.