OPINION OF THE COURT
Oscar Murov, J.
At issue in this matrimonial action is the proper method of drafting complaints and stating causes of action and pleading remedies in light of the new equitable distribution law (L 1980, ch 281).
On or about March 11, 1981, plaintiff served defendant with a summons with notice and a complaint for divorce. In her cause of action numbered “first”, plaintiff seeks a judgment of divorce based on allegations of defendant’s cruel and inhuman treatment of her. She also alleges the following “causes of action:”
“second” — equitable distribution of certain property;
“third” — that defendant be directed to assign his interest in an insurance policy which designates the plaintiff as beneficiary, to plaintiff; and
“fourth” — that defendant be directed to continue to maintain his current health and hospitalization coverage or equivalent coverage for plaintiff.
On the face of the summons with notice, said items, inter alia, are listed as ancillary relief demanded.
*722 Defendant contends that, as a matter of law, plaintiff’s “second”, “third” and “fourth” causes of action must be dismissed, since no separate causes of action can exist as a matter of law for “ancillary relief’ which is within the purview of a matrimonial court to award as part of its judgment. The court agrees.
It is appropriate in a matrimonial action to ask for a myriad of forms of relief other than the dissolution of the marriage. All of the forms of relief generally observed in matrimonial actions are set forth, usually, in an ad damnum clause in the complaint and should not be alleged as separate causes of action. As a matter of fact, it has been held that failure to request specific forms of relief does not bar the court from granting that relief in an appropriate case (see CPLR 3017, subd [a]; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3017.02; Weil v Atlantic Beach Holding Corp., 1 NY2d 20; Wang v Wang, 87 Misc 2d 980).
The recently amended section 236 of the Domestic Relations Law, as did its predecessor, gives the court power to grant various forms of relief in matrimonial actions, and more specifically, section 236 (part B, subd 5) of the Domestic Relations Law gives the court the power to provide for an equitable distribution of marital assets as an element of relief in the event of a dissolution of a marriage. Other forms of relief are also specifically provided for by statute, including maintenance (subd 6), child support (subd 7) and so-called “special relief’ by way of life insurance and medical insurance (subd 8). It therefore appears manifest that the power of the court to provide for an equitable distribution of marital assets and to provide for a distributive award, if appropriate, is consistent with the other forms of relief designated in the statute, such as maintenance, child support and other forms of “special relief’.
A “cause of action” is not always easy to define. The Court of Appeals in Veeder v Baker (83 NY 156, 161) stated: “Jurists have found much difficulty in precisely defining a cause of action. (Pomeroy on Remedies, § 452.) It may be said to be composed of the right of the plaintiff and the obligation, duty or wrong of the defendant; and *723 these combined, it is sufficiently accurate to say, constitute the cause of action.”
In a more recent case, Judge Younger defined “cause of action” in Lewis v Lewis (59 Misc 2d 525, 526) as follows: “ ‘Cause of action’ means a right to sue, to some substantial end. At its core is a grievance that is judicially cognizable, in the sense that a court can provide some remedy for it.”
The “grievance” of the plaintiff is set forth in her first cause of action in which she purports to set forth the basis upon which she seeks a divorce from defendant. The “remedy” is the relief sought. That relief consists of all of the statutory relief provided, including the granting of a divorce, equitable distribution, maintenance and the special relief designated by the statute, medical and life insurance. The incidental relief which comes from the basic relief sought, that is, a divorce, is discussed at 3 CarmodyWait 2d (NY Prac, § 15:2): “In an equitable action, incidental relief flowing legitimately from the same facts as those alleged as grounds for the main relief sought, may bp requested and obtained, in accordance with the rule that where the jurisdiction of a court of equity has once attached, it shall be made effectual for the purposes of affording complete relief. *** The complaint in such a case does not state more than one cause of action, for the right to incidental relief is not a separate legal cause of action but a part of the equitable cause of action” (emphasis added).
In Payne v New York, Susquehanna & Western R.R. Co. (201 NY 436, 440), the Court of Appeals stated: “In its simplest analysis the term ‘cause of action’ is synonymous with ‘the right to bring a suit,’ and that right is based upon the ground or grounds on which an action may be maintained.”
The division of marital property, refusal to divide separate property, the granting of life and medical insurance, equitable distribution — all are forms of relief and do pot, ip and of themselves, constitute the right to bring a suit. The right to sue is governed in this action by thq facts purportedly stated in the plaintiff’s first cause of action. *724 Everything else which she requests flows from that first cause of action.
Since a request for relief does not constitute a cause of action, but, rather, a remedy flowing from a cause of action and the violation of an obligation or duty, all three causes of action labeled “second” through “fourth” should be dismissed for failure to state a cause of action.