■ JOSE FIGUEROA, SR., Individually and as Administrator of the Estate of JOSE FIGUEROA, Deceased, and as Guardian ad Litem for MARISOL FIGUEROA, an Infant, et al., Respondents, v CITY OF NEW YORK, Appellant. — Appeal from an order of the Supreme Court, Richmond County (Sacks, J.), entered Novem-

ber 30, 1981, which granted petitioners' application for leave to serve a late notice of claim. Order reversed, as a matter of discretion, without costs or disbursements, and petitioners' application denied. The police report did not state that the submerged barge was unmarked, did not give its exact location, and did not list any names of witnesses. Therefore, it did not furnish the appellant City of New York with notice within the 90-day period or a reasonable time thereafter (see *Matter of Morris v County of Suffolk,* 88 AD2d 956). It appears that appellant would be prejudiced in maintaining a defense because of the delay. Furthermore, petitioners did not set forth valid reasons to excuse their delay. Ignorance of the requirements of subdivision 5 of section 50-e of the General Municipal Law is not a valid excuse for noncompliance (*Matter of Somma v City of New York,* 81 AD2d 889) and petitioners did not demonstrate physical or mental incapacity. The inability to speak or understand English is not a sufficient excuse for a failure to serve a timely notice of claim (*Torres v City of New York,* 50 AD2d 826). Therefore, the order under review is reversed and the application for leave to serve a late notice of claim is denied. Lazer, J. P., Gibbons, Thompson and Weinstein, JJ., concur.