OPINION OF THE COURT
William R Geiler, J.
In this divorce action, plaintiff moves for an order awarding her six items of pendente lite relief, including $15,350 in temporary counsel fees and fees for expert appraisers. Based upon a reading of the moving papers as well as a copy of the complaint appended thereto, the court, sua sponte, dismisses said complaint for failure to state a cause of action.
The parties herein were married on September 23, 1967. There are three infant issue of the marriage. Her allegations of cruel and inhuman treatment by defendant consist of his giving her the “silent treatment”, name calling, jealousy and one incident of slight physical contact. There has been no amendment to this complaint as prescribed by CPLR 3025 (b).
The law in New York is well settled that to sustain a cause of action for divorce on the ground of cruel and inhuman treatment, the evidence must establish a course of conduct which so endangers plaintiff’s physical or mental well-being so as to render it unsafe or improper for the complaining party to cohabit with the other (Hessen v Hessen, 33 NY2d 406 [1974]; Lind v Lind, 89 AD2d 518 [1st Dept 1982]). The New York Court of Appeals has recently reaffirmed this doctrine (Brady v Brady, 64 NY2d 339 [1985]; Foster and Freed, Brady v. Brady — Ghost of “Hessen” Stalks Again, NYLJ, Mar. 18, 1985, p 1, col 1). This ground does not authorize the granting of a divorce for irreconcilable differences or where it is found that no useful purpose *666 would be served by perpetuating the marriage (Hessen v Hessen, supra; Brady v Brady, supra; Warguleski v Warguleski, 79 AD2d 1107 [4th Dept 1981]). It has further been held that failure to converse or communicate does not rise to the level of a cause of action for divorce on the ground of cruel and inhuman treatment (Wilkins v Wilkins, 91 AD2d 771 [3d Dept 1982]). With regard to the physical contact, the law in New York is well settled that isolated violence is an insufficient basis for finding cruel and inhuman treatment (Concetta v Concetto, 50 AD2d 883 [2d Dept 1975]; Echevarria vEchevarria, 40 NY2d 262 [1976]; cf. Bulger v Bulger, 88 AD2d 895 [2d Dept 1982]). Clearly, plaintiff has failed to plead facts sufficient to enable the court to grant her a divorce on the ground of cruel and inhuman treatment.
The question now becomes whether the court may, sua sponte, dismiss a complaint for divorce on a motion for pendente lite relief? The court answers this question in the affirmative.
The primary function of pleadings under the CPLR is to give adequate notice to the court and the adverse party of the transactions or occurrences intended to be proved and the material elements of each cause of action or defense (see, CPLR 3013). The concept of notice pleading as embodied in the CPLR requires that a complaint or petition state, within the confines of the pleading itself and by implication from its statements by fair intendment, a cause of action (CPLR 3211 [a] [7]); that the complaint or petition is not so vague, indefinite or ambiguous as to be unanswerable (CPLR 3024 [a]); that the complaint or petition does not contain any unnecessary, superfluous, scandalous or prejudicial matter (CPLR 3024 [b]); and that the pleadings consist of plain and concise statements of the allegations in separate and numbered paragraphs. These CPLR article 30 pleading requirements coalesce in CPLR 3026 which mandates liberality in the construction of pleadings. It has been suggested that the burden expressly is on the one who attacks a pleading for deficiencies and defects in its allegations to show that under the circumstances that he is prejudiced, and that lawsuits should be determined on their merits and according to the dictates of justice, not on the existence or nonexistence of artfully drawn sentences in proper pleadings (3 Weinstein-KornMiller, NY Civ Prac 1Í 3026.01; Foley v D’Agostino, 21 AD2d 60 [1st Dept 1964]; Catli v Lindenman, 40 AD2d 714 [2d Dept 1972], affd 33 NY2d 1002 [1974]; see also, Siegel, NY Prac § 208, at 245 et seq.). While it is true that CPLR 3211 speaks in terms of a party moving for judgment dismissing one or more causes of action, there appears to be no prohibition against a court dis *667 missing a cause of action, sua sponte, for failure to state a cause of action.
There is another reason for compelling the court to take the action it is taking. In an equitable distribution divorce action, the law in New York is well settled that both parties are entitled to a searching exploration of each other’s assets and dealings at the time of and during the marriage, so as to delineate the extent of marital property as distinguished from separate property, uncover hidden assets, discover possible waste of marital property, and, in general, gain any information which may bear on the issues of equitable distribution, spousal maintenance and child support. The entire financial history of the marriage must be open to inspection by both parties (Kaye v Kaye, 102 AD2d 682 [2d Dept 1984]; Lee v Lee, 93 AD2d 221 [2d Dept 1983]; Roussos v Roussos, 106 Misc 2d 583 [Sup Ct, Queens County 1980]; Aron v Aron, NYLJ, Sept. 3,1982, p 7, col 1 [Sup Ct, NY County, Stecher, J.]). In addition to the virtually unlimited disclosure now available in equitable distribution divorce actions, the cost of competent legal counsel is necessarily much greater (Ahern v Ahern, 94 AD2d 53 [2d Dept 1983]). The natural course of an equitable distribution divorce action may also entail the use of experts to evaluate the different kinds of marital assets (Domestic Relations Law § 237 [c]; Ahern v Ahern, supra; Gueli v Gueli, 106 Misc 2d 877 [Sup Ct, Nassau County 1981]; Fay v Fay, 108 Misc 2d 373 [Sup Ct, Suffolk County 1981]). The court may restrain a party from transferring or disposing items of marital property (Domestic Relations Law § 234; Leibowits v Leibowits, 93 AD2d 535 [2d Dept 1983]). Any attorney who has been called upon to properly answer a set of interrogatories propounded on his client or to prepare a statement of net worth in the form prescribed by the Rules of the Chief Administrator of the Courts (22 NYCRR 117.2) will attest to the fact that divorce actions are more costly and time consuming than ever before.
However, the law in New York appears to be well settled that the court has the authority to equitably divide marital property only when “part of the relief granted is divorce” (Domestic Relations Law § 236 [B] [5]; Di Gennaro v Di Gennaro, 108 Misc 2d 721 [Sup Ct, Suffolk County 1981]; Hossain v Hossain, NYLJ, July 21, 1983, p 11, col 3 [Sup Ct, Kings County, Schneier, J.]; see also, McKoy v McKoy, 120 Misc 2d 83 [Sup Ct, Suffolk County 1983]). Here, the predicate for the equitable distribution of marital property, i.e., a judgment dissolving the marital unit, shall not occur by virtue of this order. The court, therefore, holds that where a party moves for an order awarding fees to retain *668 the services of experts for the purpose of evaluating marital property, said party puts in issue the legal sufficiency of his or her grounds for divorce. This is unlike the situation regarding temporary maintenance and child support where the movant need not demonstrate the probability of success (Pica v Pica, 70 AD2d 931 [2d Dept 1979]). Accordingly, there is no necessity for the awarding of expert and counsel fees. It would simply be unwise and inequitable for the defendant in this action or any action where the grounds asserted for divorce are baseless to be subjected to the trauma and expense of matrimonial litigation where the underlying action for divorce is baseless. It has been said that the Equitable Distribution Law was not intended to be a bonanza to either party (Wilson v Wilson, 101 AD2d 536 [1st Dept 1984] [Kassal, J., dissenting in part]). The same can be said for the accountants, pension actuaries and the practicing Bar.
Accordingly, the court, sua sponte, dismisses plaintiff’s complaint with leave to replead should proper grounds for divorce actually exist. All of the items requested in plaintiff’s motion and defendant’s cross motion are denied.
The foregoing constitutes the order of the court.