■ In the Matter of CARMEN PEREZ, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent.—Order, Supreme Court, New York County (Francis N. Pecora, J.), entered June 7, 1988, denying petitioner-appellant's application for an order pursuant to General Municipal Law § 50-e permitting petitioner-appellant to serve a late notice of claim upon the respondent New York City Housing Authority, is unanimously affirmed, without costs.

The denial of petitioner's application for leave to serve a late notice of claim was a proper exercise of discretion since the respondent, New York City Housing Authority, did not acquire actual knowledge of the essential facts constituting the claim within 90 days after the claim arose, or within a reasonable time thereafter, nor did petitioner provide a valid excuse for her delay. *(See,* General Municipal Law § 50-e [5]; *Matter of Mallory v City of New York,* 135 AD2d 636, 637 [2d Dept 1987].) Although petitioner claims that her niece reported the accident to the building management within a few days of its occurrence, and that the report contained all the relevant information necessary to constitute actual notice of the claim, there is no documentary or other support in the record that such a report was ever filed.

Further, the excuses given for the delay, that petitioner was unaware of the requirements of the statute, and that she lacked fluency in the English language, have been held unacceptable excuses for failure to timely file a notice of claim. *(Figueroa v City of New York,* 92 AD2d 908 [2d Dept 1983]; *Rodriguez v City of New York,* 86 AD2d 533 [1st Dept 1982].) Concur—Kupferman, J. P., Ross, Asch and Smith, JJ.