■ In the Matter of JOSE GANDIA, by His Mother and Natural Guardian, LILLIAN GANDIA, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from a judgment of the Supreme Court, Richmond County (Leone, J.), dated September 29, 1989, which granted the application.

Ordered that the judgment is reversed, as an exercise of discretion, with costs, and the application is denied.

The infant petitioner was injured while riding his bicycle when he became caught on a twisted and broken chain link fence which surrounded a building owned by the New York City Housing Authority (hereinafter NYCHA). The instant application for leave to file a late notice of claim was made 10½ months after the cause of action accrued. The granting of the petitioner's application was an improvident exercise of discretion since the NYCHA did not acquire actual knowledge of the essential facts constituting the claim within 90 days after the claim arose, or within a reasonable time thereafter, nor did the petitioner provide a valid excuse for the delay (see, General Municipal Law § 50-e [5]; Matter of Andersen v Nassau County Med. Center, 135 AD2d 530; Matter of Mallory v City of New York, 135 AD2d 636).

The availability of the toll of infancy in a proceeding pursuant to General Municipal Law § 50-e (5) does not require the granting of leave to serve a late notice of claim in every case (see, Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256, 265-266; Caparco v Town of Brookhaven, 133 AD2d 803). Indeed, the absence of a showing that the delay is the product of the infancy itself is a factor which militates against granting such relief (see, Matter of Andersen v Nassau County Med. Center, supra; Matter of Albanese v Village of Floral Park, 128 AD2d 611, 613). The petitioner failed to present sufficient facts to establish a nexus between the disability of infancy and the delay in filing the notice of claim. Although the infant's mother claims that she reported the accident to the resident manager of the NYCHA housing complex several days after

its occurrence and provided all the relevant information necessary to constitute actual notice, no documentary or other proof was provided in the moving papers to demonstrate that the accident report was actually filed *(see, Matter of Perez v New York City Hous. Auth.,* 156 AD2d 177). The petitioner's contention that she was unaware of the requirements of the statute is not sufficient to excuse the delay in filing the notice of claim since ignorance of the statute has been held to be an unacceptable excuse *(see, Matter of Mallory v City of New York, supra; Figueroa v City of New York,* 92 AD2d 908; *see also, Matter of Perez v New York City Hous. Auth., supra).* Thompson, J. P., Brown, Kunzeman and Balletta, JJ., concur.