■ In the Matter of JILL A. WERTENBERGER, Respondent, v VILLAGE OF BRIARCLIFF MANOR, Appellant.—In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the Village of Briarcliff Manor appeals from a judgment of the Supreme Court, Westchester County (Miller, J.), entered August 7, 1989, which granted the application.

Ordered that the judgment is reversed, on the law and as a matter of discretion, without costs or disbursements, and the petitioner's application is denied.

On August 29, 1988, the petitioner, a Georgia resident, was allegedly injured when an automobile she was operating on Pleasantville Road in the Village of Briarcliff Manor was struck by a falling tree. She consulted an attorney in Georgia who sent a letter on her behalf by ordinary mail addressed to the Mayor and City Council of the Village. The letter was dated October 27, 1988, and purported to be a notice of claim. It was not verified by the petitioner, and clearly did not contain the specificity required by General Municipal Law § 50-e (2). In addition, it was not served personally, or by registered or certified mail to the person designated by law to receive service of process as required under General Municipal Law § 50-e (3).

Recognizing that he was unfamiliar with the notice of claim requirements for prosecuting a claim against a municipality in New York, the attorney retained by the petitioner in Georgia contacted a lawyer in New York in January 1989 for the purpose of undertaking the continued prosecution of this matter. Thereafter, the instant application was made in April 1989. New York counsel supplied an affirmation stating that the results of an investigation showed that the tree which fell on the petitioner's car was in a decayed condition, a fact that was allegedly known by the Village because portions of it had fallen on the roadway in the past. The moving papers also included a copy of a police report prepared on the date of the accident.

The Village denied having received any notice of the alleged accident until February 2, 1989, when the petitioner's investi-

gator showed a copy of the letter dated October 27, 1988, to the Village Clerk. As such, the Village argued that it had not obtained actual knowledge of the claim within a reasonable period of time of the occurrence, and, therefore, the petitioner was not entitled to the requested relief.

The purpose of the notice of claim requirement is to allow the municipality to conduct an investigation of the circumstances surrounding the accident, and to assess the merits of the claim, while information is still readily available. To this end, the statute mandates that the notice be detailed as to time, place, and manner in which the claim arose (see, General Municipal Law § 50-e [2]; *Caselli v City of New York*, 105 AD2d 251, 253). In determining an application for leave to serve a late notice of claim, the court should consider whether the public corporation received "actual knowledge of the essential facts constituting the claim within [90 days after the claim arose] or within a reasonable time thereafter" (General Municpal Law § 50-e [5]), a factor that should be accorded great weight (see, *Matter of Beary v City of Rye*, 44 NY2d 398, 412). The record does not show that the Village obtained actual or constructive notice of the petitioner's claim from either the letter dated October 27, 1988, or the police accident report. Neither document indicates that the tree in question was located on property owned by the Village, or was in a decayed condition (see, *Matter of Morris v County of Suffolk*, 88 AD2d 956, *affd* 58 NY2d 767; *Caselli v City of New York, supra*). Furthermore, the petitioner did not set forth a valid reason to excuse the delay in seeking the requested relief. Ignorance of the requirements of General Municpal Law § 50-e on the part of counsel retained by the petitioner in Georgia is not a valid excuse for noncompliance (see, *Figueroa v City of New York*, 92 AD2d 908, 909). Bracken, J. P., Eiber, Balletta and Ritter, JJ., concur.