■ Piedade Ribeiro et al., Respondents, v Town of North Hempstead, Defendant, and Incorporated Village of Mineola et al., Appellants. [607 NYS2d 108] —In an action to recover damages for personal injuries, etc., the County of Nassau and the Incorporated Village of Mineola separately appeal from so much of an order of the Supreme Court, Nassau County (Becker, J.), dated November 7, 1991, as granted so much of the plaintiffs' motion which was for leave to serve late notices of claim upon them.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, with one bill of costs payable to the appellants appearing separately and filing separate briefs, and so much of the motion as sought leave to serve late notices of claim upon the appellants is denied.

The Supreme Court improvidently exercised its discretion in permitting the service of the late notices of claim upon the appellants. The plaintiffs failed to proffer a valid and reasonable excuse for their delay in seeking permission to serve late notices of claim *(see,* General Municipal Law § 50-e [5]). Their vague and unsubstantiated allegations regarding their inability to speak English, their ignorance of the possibility of commencing a lawsuit, and the purported disability suffered by the injured plaintiff, were conclusory in nature and were

patently inadequate to warrant the granting of the application *(see, e.g., Matter of D'Anjou v New York City Health & Hosps. Corp.,* 196 AD2d 818; *Matter of Gandia v New York City Hous. Auth.,* 173 AD2d 824; *Matter of Perez v New York City Hous. Auth.,* 156 AD2d 177; *Matter of Mallory v City of New York,* 135 AD2d 636; *Matter of Perry v City of New York,* 133 AD2d 692; *Figueroa v City of New York,* 92 AD2d 908).

The plaintiffs also failed to demonstrate that the appellants "acquired actual knowledge of the essential facts constituting the claim" (General Municipal Law § 50-e [5]) within 90 days after the claim arose or a reasonable time thereafter. While the plaintiffs allege that foliage obscured a motorist's view of a stop sign and thereby caused the automobile accident in which the injuries were sustained, the letter of an insurance company regarding the accident failed to provide the Incorporated Village of Mineola with sufficient notice of this claim. The letter, which was improperly addressed to "The Town of Mineola", did not identify the plaintiffs as claimants, and it failed to set forth with adequate specificity the nature of the claim and the manner in which it arose *(see,* General Municipal Law § 50-e [2], [5]; *Matter of D'Alessandro v New York City Tr. Auth.,* 192 AD2d 505; *Altmayer v City of New York,* 149 AD2d 638; *Caselli v City of New York,* 105 AD2d 251). Similarly, the County of Nassau did not acquire actual knowledge of the claim by reason of police reports regarding the accident, inasmuch as such reports do not constitute notice to a municipality *(see, Matter of Dube v City of New York,* 158 AD2d 457; *Matter of Perry v City of New York, supra; Caselli v City of New York, supra).* In any event, the reports upon which the plaintiffs rely made no reference to the alleged foliage-obscured stop sign *(see generally, Matter of Wertenberger v Village of Briarcliff Manor,* 175 AD2d 922; *Zimmerman v City of New York,* 161 AD2d 591).

Finally, there is no question that the appellants were prejudiced by the plaintiffs' delay in seeking leave to file a late notice of claim, since, during the 13-month delay, the condition of the foliage unquestionably changed. Thus, the appellants were deprived of an opportunity to conduct a reasonably prompt investigation of the alleged condition *(see, Matter of Perry v City of New York, supra; Matter of Thom v Village of Wappingers Falls,* 131 AD2d 855; *Matter of Albanese v Village of Floral Park,* 128 AD2d 611). Sullivan, J. P., Rosenblatt, Pizzuto and Joy, JJ., concur.