■ In the Matter of ALFRED MAGNOTTI et al., Respondents, v CITY OF NEW YORK, Appellant. [614 NYS2d 766] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the City of New York appeals from an order of the Supreme Court, Richmond County (Leone, J.), dated December 3, 1992, which granted the application.

Ordered that the order is reversed, on the law, with costs, and the application is denied.

On October 6, 1991, Alfred Magnotti allegedly sustained personal injuries when he stepped into a hole in a Staten Island sidewalk and was thereby caused to fall. On or about June 26, 1992, the petitioners moved for leave to serve a late notice of claim (see, General Municipal Law § 50-e [5]). In support thereof, Magnotti submitted an affidavit in which he asserted his ignorance of the applicable statutory notice requirement (see, General Municipal Law § 50-e). However, it is clear that ignorance of the statutory requirements is not a sufficient excuse for his failure to serve a timely notice of claim (see, Matter of Gandia v New York City Hous. Auth., 173 AD2d 824, 825; Matter of Mallory v City of New York, 135 AD2d 636). In addition, the record evinces that the City did not acquire actual knowledge of the essential facts constituting the claim within 90 days after the claim arose, or within a reasonable time thereafter (see, Matter of Gandia v New York City Hous. Auth., supra, at 824; Matter of Mallory v City of New York, supra, at 636). Accordingly, the Supreme Court improvidently exercised its discretion in granting the petition-

ers' application for leave to file a late notice of claim. Sullivan, J. P., Lawrence, Pizzuto and Friedmann, JJ., concur.