■ In the Matter of JOAN GOLDBERG et al., Appellants, v COUNTY OF SUFFOLK, Respondent. [642 NYS2d 928] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e, the petitioners appeal from an order of the Supreme Court, Suffolk County (Oshrin, J.), dated January 31, 1995, which denied their application.

Ordered that the order is affirmed, with costs.

The Supreme Court did not improvidently exercise its discretion in denying the petitioners' application for leave to serve a late notice of claim. The respondent did not acquire actual knowledge of the essential facts of the petitioners' claim until approximately $8 1/2$ months after the accident is alleged to have occurred (*see,* General Municipal Law § 50-e [5]; *Ribeiro v*

*Town of N. Hempstead,* 200 AD2d 730). Notice to the State-employed court officers was not notice to the County (*see, Matter of Vitali v City of New York,* 205 AD2d 636; *Ribeiro v Town of N. Hempstead,* 200 AD2d 730, *supra; Caselli v City of New York,* 105 AD2d 251; *Matter of Perry v City of New York,* 133 AD2d 692). Further, even assuming, arguendo, that the petitioners made an excusable error in initially identifying the State of New York as the proper party, the petitioners failed to proffer a reasonable excuse for failing to serve a notice of claim against the County of Suffolk for almost one and one-half months after notice of this initial error (*see, Matter of Morris v County of Suffolk,* 88 AD2d 956). Mangano, P. J., Miller, Ritter and Pizzuto, JJ., concur.