■ In the Matter of EVA JAMES, Appellant, v CITY OF NEW YORK et al., Respondents. [662 NYS2d 542] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the petitioner appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated April 10, 1996, which denied her application.

Ordered that the order is affirmed, with one bill of costs.

The key factors to be considered in deciding an application for leave to serve a late of notice of claim are whether the petitioner has demonstrated a reasonable excuse for the delay, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the municipality's opportunity to investigate and defend against the claim was substantially prejudiced by the delay (*Matter of Buddenhagen v Town of Brookhaven,* 212 AD2d 605, 606; *Levette v Triborough Bridge & Tunnel Auth.,* 207 AD2d 330; *Matter of Townsend v New York City Hous. Auth.,* 194 AD2d 795).

The petitioner's excuses of ignorance of the filing requirement (*Matter of Ragin v City of New York,* 222 AD2d 678; *Weber v County of Suffolk,* 208 AD2d 527, 528; *Matter of Magnotti v City of New York,* 206 AD2d 534) and law office failure (*see, Matter of Deegan v City of New York,* 227 AD2d 620; *Matter of Lamper v City of New York,* 215 AD2d 484, 485; *Burns v New York City Tr. Auth.,* 213 AD2d 300, 301) are insufficient for failing to timely serve a notice of claim. Further, given the fact that petitioner failed to demonstrate that the municipal respondents received actual knowledge of the essential facts constituting this claim within 90 days or a reasonable time thereafter, a factor that should be accorded great weight (*see, Matter of Beary v City of Rye,* 44 NY2d 398, 412; *Matter of Wertenberger v Village of Briarcliff Manor,* 175 AD2d 922, 923), and that the petitioner's delay has prejudiced the municipal respondents in defending on the merits (*see, Pollicino v New York City Tr. Auth.,* 225 AD2d 750, 751), we conclude that the petitioner's application was properly denied. Mangano, P. J., Copertino, Altman and Goldstein, JJ., concur.